IRVING BOREN AND DIVERSIFIED CAPITAL CORPO-
RATION, A DELAWARE CORPORATION, APPELLANTS, *v.*
CITY OF NORTH LAS VEGAS, NEVADA, A MUNICI-
PAL CORPORATION, RESPONDENT.

No. 12085

January 6, 1982                                          638 P.2d 404

*Chubb & Silverman,* Sparks, for Appellants.

*George E. Franklin,* City Attorney, North Las Vegas, for
Respondent.

## OPINION

*Per Curiam:*

The sole issue we consider in this case is whether an action
must be dismissed if it was not brought to trial within five years
because of a court order staying proceedings.

The action in the case before us was not brought to trial
within the five-year period specified in Nevada Rule of Civil
Procedure 41(e). Appellant moved to dismiss the action for
want of prosecution. The trial court denied the motion. Appel-
lant claims that dismissal is mandatory notwithstanding the
fact that proceedings had been stayed for more than four years
immediately preceding the motion to dismiss.

We agree with the decision of the trial court. For a court to
prohibit the parties from going to trial and then to dismiss their
action for failure to bring it to trial is so obviously unfair and

unjust as to be unarguable. Appellants agree, but contend that the city as plaintiff had some kind of duty of diligence in seeking vacation of the stay order. The city did move to have the stay order vacated and this was opposed by appellant. We consider this immaterial, however, for we would be hard-pressed to formulate a rule describing the degree of diligence required under such circumstances. Instead we adopt the following rule: Any period during which the parties are prevented from bringing an action to trial by reason of a stay order shall not be computed in determining the five-year period of Rule 41(e).

Affirmed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[1] concur.