*831
 
 OPINION
 

 Per Curiam:
 

 This is an appeal from an order of the district court denying appellants’ motion for a trial de novo following an arbitration decision.
 
 [1]
 

 On December 3, 1991, respondent Laura Williams, plaintiff below, was injured in an automobile accident with appellant Shelita Williams, defendant below, who was operating a vehicle owned by appellant Jacqueline Smith, also defendant below. On May 27, 1992, respondent sued appellants. On July 13, 1992, respondent moved to compel arbitration pursuant to NRS 38.215,
 
 [2]
 
 a statute then in effect which compelled arbitration in motor vehicle actions where the amount in issue did not exceed $25,000. Arbitration was held on October 7, 1992, and the arbitrator awarded respondent $21,500.
 

 Appellants moved for a trial de novo, claiming that the award was excessive, that respondent’s medical treatment was question
 
 *832
 
 able and that her wage loss was speculative. The district court denied appellants’ motion for a new trial, stating that the appellants were unable to show that the arbitrator committed fraud, exhibited corruption or rendered his decisions by other undue means under NRS 38.145
 
 [3]
 
 or that the arbitrator committed an injustice under NRS 38.235.
 
 [4]
 

 Appellants contend that the district court erred in denying the motion for a trial de novo. First, they claim that despite the language in former NRS 38.215 which provided that a certain class of automobile claims “must be submitted to arbitration, in accordance with provisions of NRS 38.015 to 38.205, inclusive,” the application of NRS 38.145 to former NRS 38.215 was error. Appellants contend that the statutory scheme and purpose behind NRS 38.145 and former 38.215 do not support such an application. Appellants are incorrect. The language of former NRS 38.215 was clear: the statute unequivocally incorporates NRS 38.145. Where a statute is clear, this court is “not empowered to go beyond the face of a statute to lend it a construction contrary to its clear meaning.” Union Plaza Hotel v. Jackson, 101 Nev. 733, 736, 709 P.2d 1020, 1022 (1985). Thus, the district court did not err in interpreting former NRS 38.215 to incorporate the requirements of NRS 38.145.
 

 
 *833
 
 Second, appellants argue that if former NRS 38.215 is interpreted to incorporate the requirements of NRS 38.145, this places an unconstitutional restriction on appellants’ right to obtain a jury trial.
 
 See
 
 Nev. Const, art. 1, § 3. We agree. For a form of alternative dispute resolution to pass constitutional muster, it must not place too great a restriction on the right to a jury trial.
 
 See
 
 Application of Smith, 112 A.2d 625, 629 (Pa. 1955) (right to jury trial “must not be burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable”);
 
 see also
 
 Annotation,
 
 Constitutionality of Arbitration Statutes,
 
 55 A.L.R.2d 432 (1957).
 

 This is particularly true when arbitration is compulsory. More restrictions on the right to jury trial are allowed following voluntary arbitration decisions than are allowed following compulsory arbitration decisions. As stated in American Universal Ins. Co. v. DelGreco, 530 A.2d 171, 177 (Conn. 1987):
 

 “The simple and ineradicable fact is that voluntary arbitration and compulsory arbitration are fundamentally different if only because one may, under our system, consent to almost any restriction upon or deprivation of right, but similar restrictions or deprivations, if compelled by government, must accord with procedural and substantive due process.”
 

 (Quoting Mount St. Mary’s Hospital v. Catherwood, 260 N.E.2d 508, 311 (1970)).
 

 Under NRS 38.145, a party who had been compelled to submit its dispute to arbitration under former NRS 38.215 could only obtain a jury trial if that party could show that (1) the award was procured by corruption, fraud, or other undue means; (2) there was evident partiality or corruption on the part of the arbitrators or misconduct substantially prejudicing the rights of any party; (3) the arbitrators exceeded their powers; (4) the arbitrators refused to hear material evidence or postpone the hearing upon sufficient cause or conducted the hearing, contrary to the provisions of NRS 38.075, so as to prejudice substantially the rights of the party; or (5) there was no arbitration agreement, the issue was not adversely determined in the proceedings under NRS 38.045 and the party did not participate in the arbitration hearing without raising the objection.
 

 While the requirements of NRS 38.145 are not unconstitutional when applied to a voluntary arbitration statute, applying the same requirements to a compulsory arbitration statute such as former NRS 38.215 renders the right to a jury trial “practically unavailable.” We therefore hold that former NRS 38.215, which incor
 
 *834
 
 porated NRS 38.145, is an unconstitutional infringement on the right to trial by jury.
 

 In denying appellants’ request for a new trial, the district court not only found that the appellants failed to prove any of the elements under NRS 38.145, but also that appellants “were unable to show an injustice committed by the arbitrator on this case under NRS 38.235.” Appellants argue that the district court erred in requiring them to make a showing of injustice. We are compelled to agree.
 

 NRS 38.235(1) requires that the party requesting a trial de novo, or the party’s attorney, “make an oath or affirmation that it is not for the purpose of delay that the trial is requested, but for the purpose of alleviating an injustice that was done by the arbitrators in making the award.” NRS 38.235(1) is plain and unambiguous; it requires only that an oath be made, and this court will not lend the statute a construction contrary to its clear meaning.
 
 See Union Plaza Hotel,
 
 101 Nev. at 736, 709 P.2d at 1022. In determining whether appellants complied with NRS 38.235(1), the district court was only free to rule on whether appellants or their attorney made the required oath or affirmation, not whether appellants made a showing of injustice. Appellants’ attorney in the instant case made the sworn statement under oath that the request for trial was not for the purpose of delay but to alleviate an injustice. It was therefore error for the district court to deny appellants’ motion for a new trial because appellants failed to “show an injustice.”
 

 Moreover, if NRS 38.235 were read to require appellants to make a showing of injustice, the statute would unduly restrict appellants’ right to trial by jury and would thus be constitutionally infirm.
 
 See
 
 Dickerson v. Hudson, 302 A.2d 444 (Pa. Super. Ct. 1973).
 

 We reverse the district court’s order denying appellants’ motion fór a trial de novo and remand for further proceedings consistent with this opinion.
 

 [1]
 

 This case was originally consolidated with Case No. 24286, which has since been dismissed.
 
 See
 
 Vorpahl v. Bell, No. 24286 (Order Dismissing Appeal, July 25, 1994).
 

 [2]
 

 NRS 38.215 provided, in pertinent part:
 

 38.215. Arbitration required where amount in issue does not exceed $25,000; exception.
 

 1. Except as otherwise provided in subsection 2, all civil actions for damages for personal injury, death, or property damage arising out of the ownership, maintenance or use of a motor vehicle, where the cause of action arises in this state and the amount in issue does not exceed $25,000, must be submitted to arbitration, in accordance with the provisions of NRS 38.015 to 38.205, inclusive.
 

 NRS 38.215 has since been repealed, effective July 1, 1993.
 
 See
 
 1993 Nev. Stat. ch. 338, § 4 at 1024.
 

 [3]
 

 NRS 38.145 states, in relevant part:
 

 38.145. Vacating Award.
 

 1. Upon application of a party, the court shall vacate an award where:
 

 (a) The award was procured by corruption, fraud or other undue means;
 

 (b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct substantially prejudicing the rights of any party;
 

 (c) The arbitrators exceeded their powers;
 

 (d) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refiised to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of NRS 38.075, as to prejudice substantially the rights of a party; or
 

 (e) There was no arbitration agreement and the issue was not adversely determined in the proceedings under NRS 38.045 and the party did not participate in the arbitration hearing without raising the objection.
 

 [4]
 

 NRS 38.235 (renumbered NRS 38.109) states, in pertinent part:
 

 Trial after arbitration; conditions. After an award has been made . . . , either party to the action may request a trial on any or all issues arising out of the action, subject to all of the following conditions:
 

 1. The party requesting the trial, or his attorney, shall make an oath or affirmation that it is not for the purpose of delay that the trial is requested, but for the purpose of alleviating an injustice that was done by the arbitrators in making the award.