*1107
 
 OPINION
 

 Per Curiam:
 

 This appeal requires this court to review the effect of the interplay between the Nevada Rules of Civil Procedure, case law interpreting those rules, and the Nevada Medical-Legal Malpractice Screening Panel statute, NRS 41A.
 

 Appellant Roger M. Baker pursued a medical malpractice action against Steinberg Diagnostic Medical Imaging and three doctors, including respondent Dr. Carl R. Noback. Because Steinberg Diagnostic is an entity not subject to the provisions of NRS 41A et seq., Baker filed an action against Steinberg Diagnostic on November 15, 1989, in order to protect against the running of the two-year limitations period. The next day, Baker commenced an action for medical malpractice pursuant to NRS 41A.016(1) by filing a complaint with the Medical-Legal Malpractice Screening Panel against Drs. Leon and David Steinberg and Dr. Noback. After the panel issued its decision, Baker filed an amended complaint in district court, naming Dr. Noback and adding malpractice claims against him. In February 1995, the district court issued an order granting Dr. Noback’s NRCP 41(e) motion for mandatory dismissal. The district court calculated the five-year period from the date of the filing of the original complaint.
 

 On appeal, Baker contends that the district court erred by including the time during which his complaint was pending before the screening panel as part of the five-year period. We agree and remand this case for further proceedings.
 

 FACTS AND PROCEDURAL HISTORY
 

 The underlying event giving rise to Baker’s medical malpractice claims occurred on September 16, 1987. Baker had been experiencing back pain as the result of a work-related injury. On September 16, Dr. Noback performed a lumbar discography to
 
 *1108
 
 relieve Baker’s pain. The procedure took place at Steinberg Diagnostic Medical Imaging (the clinic). Drs. Leon and David Steinberg own the clinic.
 

 After the lumbar discography, Baker’s back pain increased and he experienced numbness in his limbs. On approximately October 26, 1987, Baker was admitted to a hospital in California. Baker alleged that on November 17, 1987 he became aware that “the treatment he had received at [the clinic] . . . was erroneous and negligent and had resulted in his illness, specifically a vertebral disc infection and osteomyelitis, and hospitalization.”
 

 On November 15, 1989, Baker filed a complaint in district court against the clinic and its owners. The following day, Baker commenced an action for medical malpractice pursuant to NRS 41A.016(1) by filing a complaint with the Medical-Legal Malpractice Screening Panel (the panel) against Drs. Leon and David Steinberg and Dr. Noback. The parties to the action agreed that an answer to the complaint would not be filed until after the panel rendered its decision.
 

 On July 25, 1990, Baker received notification that the panel was unable to reach a decision regarding Dr. Noback; however, the panel concluded that there was no reasonable probability of medical malpractice by the Steinbergs. Baker then filed an amended complaint in the district court on August 13, 1990. The amended complaint named Dr. Noback as a defendant and alleged that his treatment of Baker fell below the requisite standard of care and that he failed to obtain Baker’s informed consent to the treatment. Both Dr. Noback and the clinic filed answers on August 23, 1990. The district court set a discovery and motion schedule and ordered the parties to be prepared for trial on the court’s first available trial date beginning February 10, 1992.
 

 Thereafter the case was set and reset for trial at least four times. The first trial date was set for June 8, 1992, and the fifth trial date was scheduled for December 5, 1994.
 
 [1]
 

 Apparently, neither party received notice of the December 5, 1994 trial date, and although the district court could have accommodated a sixth trial date on January 23, 1995, Dr. Noback’s attorney, Lynn Hansen, advised Baker’s attorney, Janet Markley, by letter that she could not stipulate to an NRCP 41(e) extension of the five-year period that would accommodate a trial in January 1995.
 

 On November 16, 1994, Dr. Noback filed an NRCP 41(e) motion for mandatory dismissal based upon Baker’s failure to bring the action to trial within five years from the date the
 
 *1109
 
 original complaint was filed. Baker opposed the motion to dismiss and filed a motion to extend the five-year rule. After a hearing, the district court granted the motion for mandatory dismissal and denied the motion to extend the five-year rule.
 

 On December 22, 1994, Baker filed a motion for relief from the mandatory dismissal pursuant to NRCP 60(b). Baker argued that the parties and the court had mistakenly calculated the five-year period from the date of filing of the original complaint (November 15, 1989) rather than the date of the amended complaint, August 13, 1990, when Dr. Noback was named as a party defendant after completion of the required statutory proceedings before the panel.
 

 Dr. Noback insisted that the amended complaint related back to the original complaint, a proposition accepted by the district court in denying relief to Baker.
 

 The district court issued two written orders. In an order entered on February 1, 1995, the district court granted the motion for mandatory dismissal and denied the motion to extend the five-year rule. The district court also awarded costs in the amount of $9,500.00 to Dr. Noback. In a second order entered on February 8, 1995, the district court denied Baker’s motion for relief from dismissal, basing the decision upon NRCP 15 and Volpert v. Papagna, 85 Nev. 437, 456 P.2d 848 (1969), and ruling that the “correct date for calculation is the commencement of the action by the filing of the initial Complaint.”
 

 DISCUSSION
 

 Because the clinic was not subject to the provisions of NRS 41A et seq.,
 
 [2]
 
 Baker filed a complaint against the clinic on November 18, 1989 in order to protect his claim against the running of the statute of limitations. Meanwhile, his complaint against the doctors was pending before the panel. More than eight months passed before the panel rendered its decision. Within thirty days thereafter, Baker amended his complaint to assert claims for medical malpractice against Dr. Noback. When the district court granted the mandatory dismissal, it relied upon NRCP 15(c) and our ruling in
 
 Volpert
 
 as support for the proposition that the five-year period must be calculated from the date of the filing of the original complaint. We disagree and conclude that the time during which a complaint is pending before the
 
 *1110
 
 panel should be excluded from the five-year mandatory dismissal period.
 

 Pursuant to NRCP 41(e), a court must dismiss an action “unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended.” The five-year rule is intended to compel expeditious determinations of legitimate claims. C.R. Fedrick, Inc. v. Nevada Tax Comm’n, 98 Nev. 387, 389, 649 P.2d 1372, 1374 (1982). Dismissal after five years is mandatory and the only discretionary aspect of the dismissal is whether it is with or without prejudice. Home Sav. Ass’n v. Aetna Cas. & Surety, 109 Nev. 558, 563, 854 P.2d 851, 854 (1993). We have held that the filing of an amended complaint is irrelevant to the calculation of the five-year period under NRCP 41(e).
 
 See, e.g.,
 
 Johnson v. Harber, 94 Nev. 524, 527, 582 P.2d 800, 801-03 (1978); Volpert v. Papagna, 85 Nev. 437, 440, 456 P.2d 848, 850 (1969).
 

 NRS 41A.016(1) requires that a medical malpractice claim be submitted to a screening panel and a determination made by the panel before a cause of action for medical malpractice may be filed. Although NRS 41A.097(2)(b) tolls the statute of limitations for filing an action in the district court “from the date a claimant files a complaint for review by a screening panel until 30 days after the date the panel notifies the claimant, in writing, of its findings,”
 
 [3]
 
 the statute of limitations is not tolled with respect to any claims against defendants not subject to the provisions of NRS 41A et seq.
 

 The circumstances of this case are analogous to those considered in Boren v. City of North Las Vegas, 98 Nev. 5, 638 P.2d 404 (1982). In
 
 Boren,
 
 we adopted a rule providing that the time during which the parties are prevented from bringing an action to trial by reason of a court-ordered stay shall not be included in determining the five-year period under Rule 41(e). We reasoned that it would be patently unfair to dismiss an action for failure to bring it to trial where a district court’s stay order prohibited the parties from going to trial within the five-year period.
 
 Boren,
 
 98 Nev. at 5-6, 638 P.2d at 404-05.
 

 In the case at bar, the Medical-Legal Screening Panel statute worked to create a similar roadblock interfering with the parties’ ability to go to trial. Pursuant to NRS 41A.010(1), a cause of action for medical malpractice may not be filed in district court until it has been submitted to and decided by a panel. In most cases, NRS 41A.016(1) would not create a problem with respect
 
 *1111
 
 to the five-year rule under NRCP 41(e). However, in cases such as the one before us, involving defendants both subject and not subject to NRS 41A.016(1), a unique problem arises. The plaintiff must proceed in district court against defendants who are not subject to the screening process in order to protect against the period of limitations, but cannot name screening panel defendants in the same complaint. The plaintiff must wait until the panel has rendered its decision before proceeding against the defendants who were brought before the panel. Moreover, in the instant case, the parties agreed that the claims against all of the defendants should be pursued in one action and that the action would not proceed on the initial complaint until the panel rendered its decision with respect to the doctors. Under these circumstances, it would be doubly unfair to include the time during which the complaint against Dr. Noback was pending before the panel in computing the five-year period under Rule 41(e).
 

 Dr. Noback responds to the inordinate circumstances created by the statute by suggesting that Baker should have named him as a party to the original complaint and then sought a stay of the proceedings pending the panel’s findings. We do not agree. In the first place, even if such a procedure could be construed as acceptable practice under the statute, it would clearly attenuate the beneficial purposes of the statute by subjecting physicians to the notoriety and trauma of a medical malpractice complaint before the matter was ever considered by a screening panel. Moreover, the fundamental purpose of the statute in discouraging the filing of nonmeritorious medical malpractice claims would also be partially frustrated.
 

 Dr. Noback also contends that based upon the numerous continuances in this case and the fact that Baker had over four years within which to bring the action to trial, the district court’s dismissal was proper. We disagree. Although these facts might support an exercise of discretion to dismiss a complaint,
 
 [4]
 
 the district court in this case exercised no discretion in dismissing the action under the mandatory five-year provision of the rule.
 
 See Home Sav. Ass’n,
 
 109 Nev. at 563, 854 P.2d at 854.
 

 CONCLUSION
 

 Based on the foregoing analysis,
 
 [5]
 
 we conclude that the time during which a medical malpractice complaint is pending before a
 
 *1112
 
 screening panel may not be included in calculating the five-year mandatory dismissal period under NRCP 41(e). Accordingly, the district court’s order dismissing Baker’s complaint against Dr. Noback is reversed and the case is remanded for further proceedings. As a result, the award of costs to Dr. Noback is vacated.
 

 [1]
 

 As of March 18, 1993, by two stipulations and orders, the clinic and its owners were dismissed with prejudice from the action.
 

 [2]
 

 See
 
 NRS 41A.009 (hospital is subject to NRS 41A); NRS 449.012 (defining hospital); Gerald I. Gillock & Dean P. Vernon,
 
 Procedural Technicalities: Filing Suit and Discovery,
 
 in
 
 Medical Malpractice in Nevada
 
 40-41 (Nat’l Business Inst. 1990).
 

 [3]
 

 The 30-day provision was added during the 1989 legislative session and became effective on May 26, 1989. 1989 Nev. Stat., Ch. 194, § 13, at 424.
 

 [4]
 

 For example, NRCP 41(e) also provides that a cause of action may be dismissed for want of prosecution if it has not been brought to trial within two years of the date the plaintiff filed the action. The two-year rule is discretionary.
 

 [5]
 

 We have not addressed the constitutional arguments raised by Baker because they are unnecessary to the determination of this appeal.
 
 See
 
 Hollis v. State, 96 Nev. 207, 210, 606 P.2d 534, 536 (1980).