KATE T. ALLYN, AN INDIVIDUAL, APPELLANT, *v.* SHARON McDONALD, AN INDIVIDUAL, RESPONDENT.

No. 34470

November 21, 2001                                    34 P.3d 584

*William M. O'Mara,* Reno; *Carlye Christianson,* San Diego, California, for Appellant.

*Lemons Grundy & Eisenberg,* Reno, for Respondent.

Before SHEARING, AGOSTI and ROSE, JJ.

## OPINION

*Per Curiam:*

Appellant Kate Allyn sued her former attorney, respondent Sharon McDonald, for legal malpractice stemming from

McDonald's failure to file a separate personal injury lawsuit against Allyn's former husband following their divorce action. The district court dismissed the malpractice action for failure to prosecute under NRCP 41(e) because three years had elapsed following Allyn's first appeal, and the case had not been brought to trial.

We must decide whether Allyn's action was "brought to trial" within the meaning of NRCP 41(e) based upon McDonald's motion to dismiss (on res judicata grounds) and whether the district court erred in its ruling by refusing to accept Allyn's reasons for failing to bring the case to trial within the rule's mandatory period. We conclude that the district court did not err in applying NRCP 41(e), and therefore, we affirm the district court's order dismissing the case.

## FACTS

This litigation saga began in 1989 when Sharon McDonald, an attorney, represented Kate Allyn in Allyn's divorce action. McDonald allegedly also promised to file a separate personal injury action on Allyn's behalf against her former husband for battery and other causes of action stemming from the couple's physically, mentally, and sexually abusive relationship. McDonald failed to file a complaint before the statute of limitations ran on Allyn's tort causes of action against her former husband. Accordingly, Allyn sued McDonald for malpractice in November of 1992.

After answering Allyn's complaint, McDonald filed a motion for summary judgment, contending that Allyn's malpractice claim could not be proven without expert testimony, and Allyn had failed to certify an expert. The district court granted McDonald summary judgment. Allyn appealed,[1] and we reversed and remanded, concluding that Allyn did not need an expert to establish attorney malpractice based on failure to file an action within the statute of limitations. Remittitur was filed on February 27, 1996.

Before the previous appeal and remand, Allyn had filed a motion in limine requesting a ruling that, as a matter of law, her former husband had abused her. Allyn argued that the question of whether she had been abused was fully litigated at the divorce trial, and the issue was therefore subject to res judicata. The district court had not ruled on the motion before the first appeal. Accordingly, on February 6, 1998, almost two years after the remittitur was filed, Allyn requested submission of the motion anew.

---

[1]*Allyn v. McDonald,* 112 Nev. 68, 910 P.2d 263 (1996).

The district court granted Allyn's motion, concluding that "the issue of abuse was determined in the divorce action and re-litigation of that issue is precluded in the current trial." Consequently, McDonald orally moved to dismiss the entire case based upon the court's ruling. McDonald argued that because the issue of spousal abuse had been fully litigated and decided in the divorce action, res judicata would have given Allyn's former husband a complete defense against a subsequent tort action. Therefore, McDonald argued, Allyn would not have suffered any damages on account of McDonald's failure to file a moot lawsuit against Allyn's former husband. Allyn countered that res judicata was inapplicable because a tort-type action had not been fully litigated in the divorce proceeding, and in the alternative, other malpractice issues remained.

Following a series of motions and hearings, the district court issued two separate orders on August 10, 1998, addressing the parties' contentions. The first order concluded that, based on the doctrine of res judicata, Allyn's tort claims against her former husband had been fully litigated in the divorce action, and thus Allyn would have been precluded from filing suit against him. In the second order, the district court determined that McDonald had not committed malpractice in selecting the divorce court as the forum for litigating the abuse-related claims, but concluded that an issue remained as to whether Allyn had given McDonald any instructions regarding forum selection.

Allyn then sought leave to file an amended complaint based on the district court's ruling, but she did not request submission of the motion. Accordingly, the case sat dormant for several months. In March of 1999, Allyn finally submitted the motion, the district court granted her request, and she filed an amended complaint.

On April 19, 1999, McDonald filed a motion to dismiss the amended complaint under NRCP 41(e), which requires the plaintiff to bring the action to trial within three years after the remittitur from a prior appeal is filed. Following a hearing on the matter, the district court granted McDonald's motion, and dismissed Allyn's action without prejudice. Allyn appealed.

## DISCUSSION

On appeal, Allyn contends that the district court erred in granting McDonald's NRCP 41(e) motion. NRCP 41(e) provides in pertinent part:

> When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial . . . *the action must be dismissed* by the trial court on motion of any party after due notice to the parties, or of its own motion, *unless brought to trial within three years from the*

*date upon which remittitur is filed* by the clerk of the trial court.[2]

Allyn first argues that her action was "brought to trial" for purposes of NRCP 41(e) when she challenged McDonald's 1998 motion to dismiss on res judicata grounds. For support, Allyn relies on *United Ass'n of Journeymen v. Manson*,[3] in which we held that proceedings that lead to the granting of summary judgment constitute a "trial" for purposes of NRCP 41(e). In so holding, we explained that in contrast to proceedings that lead to a denial of summary judgment, the granting of summary judgment "involves first finding that no triable issues of fact remain and then determining the rights of the parties by applying the law to the facts."[4] Based on this reasoning, Allyn argues that the proceedings stemming from McDonald's motion to dismiss fall within the parameters of *Manson* because McDonald sought the same type of relief that was sought in *Manson*, namely, conclusion of the action "by applying the law to the facts."

We disagree. *Manson* is distinguishable here; unlike the summary judgment granted in that case, the district court's ruling here did not resolve the entire action. Rather, it simply disposed of one issue, specifically, that Allyn would have been barred from suing her former husband for abuse. After resolving that issue, the district court ultimately allowed Allyn to proceed with the action to resolve the question of whether Allyn had given McDonald instructions regarding the forum in which to litigate the abuse issue.

NRCP 41(e) requires that the "action"—not just an issue—be brought to trial within the three-year period. Facing a similar question, the California courts have held that where a complaint tenders more than one distinct ground for judgment, summary judgment as to one issue does not prevent the plaintiff from bringing the rest of the action to trial within the mandatory period.[5]

---

[2]Emphasis added.

[3]105 Nev. 816, 783 P.2d 955 (1989).

[4]*Id.* at 820, 783 P.2d at 957.

[5]*King v. State of California,* 89 Cal. Rptr. 715, 717-18 (Ct. App. 1970); *Lemaire, Faunce & Katznelson v. Cox,* 217 Cal. Rptr. 281, 283 (Ct. App. 1985).

Allyn argues that these cases do not apply because the California law regarding mandatory dismissal contemplates exceptions that allow for tolling of the mandatory period under circumstances beyond the plaintiff's control. *See* Cal. Civ. Proc. Code § 583.340. We note, however, that during the time periods relevant to these cases, the exceptions were not part of the statute. *See id.* (noting that the statute was added in 1984). Thus, these cases interpret California's former version of the statute, which is similar in essence to NRCP 41(e).

Because Allyn's action survived McDonald's motion to dismiss, she should have pressed on to avoid the strict penalty of NRCP 41(e). We conclude that Allyn did not bring her action to "trial" for purposes of NRCP 41(e) by merely challenging McDonald's motion to dismiss.[6]

Allyn next argues that the district court erred in dismissing her action because certain equitable considerations weighed in her favor. In particular, she asserts that it was the district court's own erroneous ruling on the res judicata issue that caused the delay that ultimately pushed the proceedings beyond the mandatory three-year period.

NRCP 41(e), however, does not allow consideration of the circumstances surrounding the dismissal. Although NRCP 41(e) contains both mandatory and discretionary provisions, the applicable provision in this case provides that "the action *must* be dismissed by the trial court . . . unless brought to trial within three years from the date upon which the remittitur is filed by the clerk of the trial court."[7] Following Allyn's first appeal, the district court filed the remittitur on February 27, 1996. Thus, after February 27, 1999, the district court was required to dismiss the action.

Our decision in *Johnson v. Harber*[8] illuminates the strict nature of NRCP 41(e). In *Johnson,* after the plaintiff filed the action and trial was set, the defendant successfully moved to vacate the date. Thereafter, the trial court, sua sponte, reset the trial date three more times. Meanwhile, the plaintiff remained silent, failing to actively prosecute the case to trial within the five-year period. Five years passed, and the defendant then moved the district court to dismiss the action under NRCP 41(e). The district court did so. Although we acknowledged that the plaintiff "appear[ed] to be the victim of unfortunate circumstances," we upheld the dismissal

---

[6]Allyn also argues that the district court erred in dismissing her action because when the district court eliminated her original negligence theory upon granting McDonald's motion, the district court, in essence, created a "new action." For support, she cites NRCP 42(b), which allows the district court "in furtherance of convenience or to avoid prejudice" to "order a separate trial of any claim." The argument is misguided. First, it does not appear that Allyn ever moved the district court to create separate trials pursuant to NRCP 42(b). *See Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). In any event, nothing in the rule contemplates the court ordering a separate trial simply to keep a party's action from the reach of NRCP 41(e).

[7]NRCP 41(e) (emphasis added).

[8]94 Nev. 524, 582 P.2d 800 (1978).

because we were bound by the mandatory nature of NRCP 41(e).[9] As we observed, "the exercise of discretion is not involved," and NRCP 41(e) "does not contemplate an examination of the equities."[10]

The policy underlying this strict rule is apparent. As the promoter of its case, the plaintiff has the duty to carefully track the crucial procedural dates and to actively advance the case at all stages, a duty that may require the plaintiff to take initiative and prod the district court when the case sits dormant. Thus, except in very limited circumstances,[11] we uphold NRCP 41(e) dismissals without regard to the plaintiff's reasons for allowing the mandatory period to lapse.[12]

## CONCLUSION

Allyn's challenge to McDonald's motion to dismiss did not constitute a "trial" for purposes of NRCP 41(e) because the motion did not lead to conclusion of the entire action. Thus, dismissal of Allyn's action was mandatory, and the district court was not in a position to consider the equities or circumstances surrounding the dismissal. Accordingly, we affirm the district court's order of dismissal.

---

[9]*Id.* at 526, 94 P.2d at 801.

[10]*Id.* (citations omitted).

[11]In narrow circumstances we have excluded certain time periods from the calculation of the NRCP 41(e) periods. *See Baker v. Noback,* 112 Nev. 1106, 922 P.2d 1201 (1996) (excluding the time during which a medical malpractice complaint was pending before a screening panel); *Boren v. City of North Las Vegas,* 98 Nev. 5, 638 P.2d 404 (1982) (excluding the time during which the parties were prevented from bringing an action to trial by reason of a court-ordered stay).

[12]Because we conclude that the district court correctly dismissed the action, we need not consider the other issues that Allyn raises: (1) whether the district court properly ruled Allyn's tort action against her former husband would have been barred by the doctrine of res judicata; and (2) whether Allyn should have been estopped from raising her res-judicata defense in light of the defense position she took before McDonald's first motion to dismiss.