DAVID D. MORGAN, Appellant, v. LAS VEGAS SANDS, INC., a Nevada Corporation, dba SANDS HOTEL AND CASINO, Respondent.

No. 35738

April 16, 2002
43 P.3d 1036

---

LEAVITT, J., with whom MAUPIN, C. J., and ROSE, J., agreed, dissented.

*Law Offices of Gus W. Flangas* and *Dimitri P. Dalacas,* Las Vegas, for Appellant.

*Lionel Sawyer & Collins* and *Dana A. Kleiber* and *G. Lance Coburn,* Las Vegas, for Respondent.

## OPINION

By the Court, AGOSTI, J.:

This appeal concerns whether time spent in mandatory court-annexed arbitration is included under the NRCP 41(e) five-year

period within which a plaintiff must bring an action to trial. Appellant David D. Morgan filed suit against respondent Las Vegas Sands in the district court, claiming breach of an agreement under which Morgan supplied roadside billboard advertising for the Sands in exchange for a monthly fee. The matter was referred to mandatory court-annexed arbitration under the Nevada Arbitration Rules. Approximately one year later, the arbitrator issued an award against the Sands in the amount of $11,200.00, plus interest and attorney fees. Rather than pay the award, the Sands requested a trial de novo in district court.[1] Very little litigation activity occurred thereafter.

The district court ultimately dismissed the matter under NRCP 41(e), which requires involuntary dismissal of any civil case not brought to trial within five years following its commencement. Morgan appeals on the primary theory that the time period during which the matter was pending in arbitration should not be counted against the NRCP 41(e) prescriptive period. In the alternative, Morgan argues that, upon dismissal under NRCP 41(e), the arbitration award should be revived and reduced to judgment. Whether the NRCP 41(e) prescriptive period is tolled while matters are subject to mandatory court-annexed arbitration is an issue of first impression. We conclude that the five-year period is not tolled during mandatory court-annexed arbitration proceedings. We also conclude that dismissal under NRCP 41(e) does not revive the arbitrator's award.

## FACTS

Although the merits of this controversy are of paramount importance to the parties, the substantive nature of the dispute is not germane to this appeal. Rather, we are asked to decide important issues relating to the dismissal of this matter on procedural grounds. Thus, we will restrict the recitation of the facts to the procedural history of the case.

Morgan commenced his action against the Sands on April 7, 1994. The Sands filed its answer on April 28, 1994. Because the amount in controversy did not exceed $25,000.00, the matter was automatically referred to the Nevada mandatory non-binding court-annexed arbitration program.[2] Under the Nevada Arbitration Rules (NAR), non-exempt cases that qualify for automatic referral must proceed to final arbitration award before the proceedings

---

[1]See NAR 18.

[2]See NAR 3(A) (amended 1997). The 1995 Legislature raised the jurisdictional amount for mandatory referral to the Nevada court-annexed arbitration program to $40,000.00 for counties with populations of 100,000 or more. This court promulgated its conforming rule amendment on December 24, 1997.

may resume in the district court.[3] In actuality, all matters in which monetary damages are sought, regardless of the amount in controversy, are presumed to be subject to arbitration pursuant to the NAR. Mandatory non-binding arbitration under the NAR in monetary damages cases may only be avoided by filing a request for exemption under NAR 5(A). Exemptions of claims for money damages are granted if the discovery or arbitration commissioner determines that probable recoverable damages exclusive of comparative liability issues[4] exceed the jurisdictional amount. That was not the case here because the claim was for liquidated damages within the jurisdictional limit for mandatory arbitration.[5] Thus, no matter seeking monetary relief may be brought to trial in district court until it either proceeds through the arbitration process or is initially exempted from the program. During arbitration proceedings, the NAR governs rather than the Nevada Rules of Civil Procedure (with some exceptions not relevant here).[6]

While the matter was pending in the program, the arbitration hearing was continued on at least one occasion at the request of the Sands. Ultimately, on April 6, 1995, the arbitrator entered an award in favor of Morgan in the amount $11,200.00, plus interest and attorney fees. On May 1, 1995, the Sands filed its request for trial de novo in district court.[7] From then on the matter was subject to the Nevada Rules of Civil Procedure governing proceedings in district court,[8] including the case management provisions of NRCP 16.1.

Thereafter, the Eighth Judicial District's Discovery Commissioner ordered the parties to appear in court on June 14, 1995, for a discovery conference. The purpose of the conference was to discuss the failure to comply with applicable court rules, NRCP 16.1 early case conference requirements, discovery and the issuance of a scheduling order. Once a request for trial de novo has been filed, NRCP 16.1 requires the parties to meet and confer, agree to discovery exchanges and file an early case conference report describing the nature and scope of the action. Under NRCP 16.1 and EDCR 2.60, a scheduling order advises the parties of the time period to be allowed for discovery and the earli-

---

[3]*See* NAR 3, 5, 17 & 18.

[4]*See* NRS 41.141.

[5]*See* NAR 3(A), 5. There are, of course, categories of cases that are automatically exempted from the program under NAR 3(A), *e.g.,* probate matters, but those types of exemptions are not pertinent to this appeal.

[6]*See* NAR 4(C).

[7]*See* NAR 18.

[8]*See* NAR 4(C).

est date after which the district court may set an individual matter for trial.

On June 13, 1995, Morgan's counsel provided written confirmation that the case was settled. The minutes of the discovery commissioner proceedings note that the June 14, 1995, meeting was vacated because of the settlement.

Unfortunately, the settlement offer was withdrawn and no activity or interaction of record occurred between the parties for almost two and one-half years. On December 11, 1997, Morgan's counsel filed a motion to strike the Sand's request for trial de novo, which was formally denied by written order of January 20, 1998. As of that time, there had been no formal compliance with the early case conference and reporting requirements of NRCP 16.1. It was not until February 4, 1998, that an "Arbitration Conference" was held, at which time the parties were ordered to file the NRCP 16.1 case conference report on or before February 27, 1998. The report was ultimately filed in late March of 1998.

Morgan's counsel then filed a motion for summary judgment on the merits of his claim against the Sands, which was denied by written order on May 5, 1998. At this point, the matter had been pending slightly more than four years, and three years since the request for trial de novo was filed.

On June 2, 1998, the district court set the matter for trial in January of 2000. This trial date fell some eight months outside the NRCP 41(e) five-year prescriptive period. Morgan failed to object to the trial date, and did not move to expedite. Morgan's action was later dismissed under NRCP 41(e).

## DISCUSSION

NRCP 41(e) provides in pertinent part as follows:

> **Want of Prosecution.** . . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of any party, or on the court's own motion, after due notice to the parties, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended. . . . A dismissal under this subdivision (e) is a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provides.

As stated, Morgan contends on appeal that the NRCP 41(e) prescriptive period should not include the time during which a matter is pending in the mandatory court-annexed arbitration program. He alternatively contends that the arbitration award should be revived and reduced to judgment if this court concludes

that the time consumed by the arbitration process must be counted against the five-year NRCP 41(e) prescriptive period.

*Application of NRCP 41(e)*

The language of NRCP 41(e) is mandatory. The district court has no discretion to exercise; the action must be dismissed if it is not brought to trial within five years,[9] except if the parties agree to extend the period.[10] The rule is silent, however, as to whether any time periods are excluded from the calculation of the five-year period. This court has recognized only two events that toll the NRCP 41(e) prescriptive period: the time during which a medical malpractice case is pending before a medical screening panel,[11] and a court-ordered stay of district court proceedings.[12] Because a matter referred to the mandatory court-annexed arbitration program cannot proceed to trial in district court until the arbitration proceedings are concluded, Morgan argues that this case is subject to the same public policy considerations in support of tolling as the two exceptions noted immediately above. We disagree.

We note at the outset NAR 21's admonition that cases requiring a trial de novo not be given preference on the trial calendar simply because the case is subject to arbitration under the rules governing the court-annexed arbitration program. NAR 21 also provides that trials de novo will be processed in the ordinary course of the district court's business. In this case, although the settlement negotiations fell through shortly after proceedings re-commenced in district court, some two and one-half years elapsed between the cancelled discovery conference in June of 1995 and the motion to strike the request for trial de novo in December of 1997.[13] No attempts were made during those two and one-half years to re-stimulate the 16.1 process, which could easily have accommodated a trial setting within the NRCP 41(e) prescriptive period. As noted, in June of 1998, the district court entered an order setting the trial in the apparent ordinary course of its trial calendar some eighteen months later in January of 2000.

---

[9]*Lindauer v. Allen,* 85 Nev. 430, 435, 456 P.2d 851, 854 (1969); *see also Home Sav. Ass'n v. Aetna Cas. & Surety,* 109 Nev. 558, 563, 854 P.2d 851, 854 (1993); *Thran v. District Court,* 79 Nev. 176, 380 P.2d 297 (1963) (granting writ of mandamus compelling district court to dismiss action under NRCP 41(e)).

[10]NRCP 41(e).

[11]*Baker v. Noback,* 112 Nev. 1106, 922 P.2d 1201 (1996).

[12]*Boren v. City of North Las Vegas,* 98 Nev. 5, 638 P.2d 404 (1982).

[13]The motion to strike included the contention that the defendant, here the Sands, had not itself made any efforts to obtain a timely trial date. As noted below, this claim was without merit and the district court properly denied the motion to strike insofar as it was based upon this particular argument.

We conclude that, had the NRCP 16.1 procedures been resorted to in a timely fashion, sufficient time was available within which to ensure placement of the matter upon the trial calendar prior to the expiration of the NRCP 41(e) five-year prescriptive period for involuntary dismissal. Certainly, as indicated, once these procedures were invoked, the district court was able to set the trial within eighteen months. While NAR 21 prohibits the giving of preference on district court trial calendars, that provision refers only to the setting of cases under the NRCP 16.1 case management provisions in a timely fashion. We also observe that courts throughout this state, when circumstances warrant it, have set trials on the calendar to avoid NRCP 41(e) problems. However, the district court is not compelled to monitor for a potential NRCP 41(e) problem, *sua sponte,* giving a case any preference in setting the trial prior to a deadline pursuant to NRCP 41(e).

Morgan also argues that the request for trial de novo should have been stricken because the Sands, as the party having requested the trial de novo, was under an obligation to take measures to ensure a timely trial setting. Morgan misperceives the obligation of the defending party in civil actions. It is the obligation of the plaintiff to ensure compliance with the NRCP 41(e) prescriptive period.[14]

We therefore conclude that Morgan's failure to prosecute the case to trial caused the dismissal of his case rather than any inherent unfairness with regard to the requirements of the NAR or of NRCP 41(e).

*Viability of arbitration award following request for trial de novo*

Morgan contends that the arbitration award should now be reduced to judgment because the Sands sought to continue the proceedings into district court via its request for trial de novo and did nothing to move the matter forward to trial within the prescriptive period provided under NRCP 41(e). First, as noted, a defendant in a civil case is under no obligation to affirmatively prosecute a case toward trial. Thus, even if it was the party that requested trial de novo, the defendant's rights under NRCP 41(e) are not altered in any way.[15]

Going further, the essence of the Nevada court-annexed arbi-

---

[14]*See Johnson v. Harber,* 94 Nev. 524, 527, 582 P.2d 800, 801 (1978) ("It is the duty of each plaintiff to be sufficiently diligent to preclude entry of a 41(e) dismissal.").

[15]*See supra* notes 13 and 14 and accompanying text.

tration program is, of course, to resolve as many matters in the arbitration process as possible. However, arbitrations under the program were made non-binding under the rules because of the constitutional right to a jury trial in civil cases.[16] The program automatically diverts all civil cases that are not exempted from the program into non-binding arbitration. Once a party to an arbitration award has requested a trial de novo in district court, the arbitration award is sealed[17] and the matter is processed under NRCP 16.1 case management as if the arbitration proceeding had not occurred. The only exceptions to this are when the request is stricken for failure to pay the arbitrator's fees[18] or participate in the arbitration in good faith,[19] or to determine if sanctions are warranted for the requesting party's failure to improve on the award in the formal district court proceedings.[20] Thus, we conclude that once a request for trial de novo is filed, it supersedes the arbitration proceeding subject only to the exceptions discussed immediately above. This means that the arbitration award is never revived for any purpose absent a situation implicating one of these exceptions.

We therefore affirm the judgment of the district court.[21]

SHEARING and BECKER, JJ., and BREEN, D. J., concur.

LEAVITT, J., with whom MAUPIN, C. J., and ROSE, J., agree, dissenting:

The language of NRCP 41(e) is mandatory. The district court has no discretion to exercise;[1] if an action is not brought to trial within five years, it must be dismissed.[2] However, the rule does not mention whether any time periods may be excluded from the five-year period. This court has allowed two time periods to toll the mandatory dismissal period under the rule: the time a med-

---

[16]Nev. Const. art. 1, § 3; *Williams v. Williams,* 110 Nev. 830, 877 P.2d 1081 (1994).

[17]*See* NAR 20(A).

[18]*See* NAR 18(C).

[19]*See* NAR 22(A).

[20]*See* NAR 20.

[21]The Honorable Peter I. Breen, Judge of the Second Judicial District Court, was designated by the Governor to sit in place of The Honorable Cliff Young, Justice. Nev. Const. art. 6, § 4.

[1]*Lindauer v. Allen,* 85 Nev. 430, 435, 456 P.2d 851, 854 (1969); *see also Thran v. District Court,* 79 Nev. 176, 380 P.2d 297 (1963) (granting writ of mandamus compelling district court to dismiss action under NRCP 41(e)).

[2]*Home Sav. Ass'n v. Aetna Cas. & Surety,* 109 Nev. 558, 563, 854 P.2d 851, 854 (1993).

ical malpractice case is pending before a medical screening panel,[3] and the time a case is stayed by district court order.[4]

Once a case is referred to the mandatory court-annexed arbitration program, it cannot proceed to trial in district court until the arbitration proceedings are finalized. NAR 21 provides that trials de novo will be processed in the ordinary course of the district court's calendar and will not be given preference as to trial settings. A plaintiff is bound by the five-year limitation period, yet can do nothing to expedite the case while it is still in the court-annexed arbitration program.

In *Boren v. City of North Las Vegas,* we determined that a court-imposed stay order tolled the running of the five-year period under NRCP 41(e).[5] We concluded that "[f]or a court to prohibit the parties from going to trial and then to dismiss their action for failure to bring it to trial is so obviously unfair and unjust as to be unarguable."[6] There is no distinction between *Boren* and this case. Public policy favors a trial on the merits. The time during which a party is prevented from obtaining a trial setting should toll the period under the five-year rule and avoid the harsh result of a dismissal where a plaintiff is prohibited from moving a matter to trial in the district court. I would reverse the district court's order and remand this case for trial.

---

[3]*Baker v. Noback,* 112 Nev. 1106, 922 P.2d 1201 (1996).

[4]*Boren v. City of North Las Vegas,* 98 Nev. 5, 638 P.2d 404 (1982).

