IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HIGH SIERRA RANCH HOMES OWNERS ASSOCIATION, A NEVADA NON-PROFIT MUTUAL BENEFIT CORPORATION, Appellant, vs. RICHARD JOSEPH AND COMPANY, A NEVADA CORPORATION, Respondent. | No. 68945 <br><br> **FILED** <br><br> MAR 30 2017 <br><br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY _S. Young_ <br> DEPUTY CLERK |

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting a motion to dismiss for want of prosecution pursuant to NRCP 41(e). Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

This appeal arises from a construction defect lawsuit involving homes located in the planned community commonly known as High Sierra Ranch in Washoe County. In February 2010, appellant High Sierra Ranch Homes Owners' Association (High Sierra) filed a complaint for alleged construction defects, naming respondent Richard Joseph & Company (RJC) and several other entities and individuals as defendants. Because High Sierra filed its complaint before complying with the prelitigation requirements under NRS Chapter 40, RJC filed a motion to dismiss High Sierra's claims. Rather than dismissing the claims, the district court stayed the proceedings so High Sierra could comply with NRS Chapter 40's prelitigation requirements. This stay was eventually lifted.

17- 10724

Subsequently, RJC filed a suggestion of bankruptcy in the United States Bankruptcy Court in the underlying action, implementing an automatic stay of the claims asserted against RJC pursuant to 11 U.S.C. § 301(a). Recognizing that the bankruptcy stay had the effect of halting the underlying action in district court, neither party took action until after High Sierra filed a motion for relief from the bankruptcy stay. The bankruptcy stay was lifted by way of stipulation and order.

Over five years after High Sierra filed its initial complaint, RJC filed a motion to dismiss the action for want of prosecution pursuant to NRCP 41(e)'s mandatory five-year dismissal rule. In rendering its decision on the motion, the district court declined to toll the entire time during which the stays where in place when it calculated NRCP 41(e)'s five-year prescriptive period pursuant to the rule this court adopted in *Boren v. City of North Las Vegas*, 98 Nev. 5, 638 P.2d 404 (1982). The district court determined that High Sierra had failed to diligently seek relief from the stays and, thus, only a portion of the time during which the stays were in place would be tolled. According to the district court, this court's decisions in *Edwards v. Ghandour*, 123 Nev. 105, 159 P.3d 1086 (2007), *abrogated on other grounds by Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 712-13 (2008), and *Morgan v. Las Vegas Sands, Inc.*, 118 Nev. 315, 43 P.3d 1036 (2002), modified this court's decision in *Boren* such that an evaluation of a plaintiff's diligence in seeking relief from court-ordered stays is permitted.

On appeal, High Sierra argues that, although this court's decisions in *Edwards* and *Morgan* could be read as modifying the tolling rule announced in *Boren*, this court's subsequent decision in *D.R. Horton, Inc. v. Eighth Judicial District Court*, 131 Nev., Adv. Op. 86, 358 P.3d 925

(2015), clarified that a district court is not required to make a diligence determination when considering the tolling effect of valid court-ordered stays pursuant to NRCP 41(e)'s five-year rule. We agree.

*The district court misapplied the* Boren *rule and its progeny*

Under NRCP 41(e), unless the parties stipulate to an extension, a district court must dismiss an action that is not "brought to trial within 5 years after the plaintiff has filed the action." "[W]here a case has not been brought to trial after five years, dismissal is mandatory, affording the district court no discretion." *D.R. Horton,* 131 Nev., Adv. Op. 86, 358 P.3d at 929. Although NRCP 41(e) "is silent . . . as to whether any time periods are excluded from the calculation of the five-year period," we have recognized specific exceptions to the mandatory nature of NRCP 41(e). *Morgan,* 118 Nev. at 320, 43 P.3d at 1039. The only exception potentially applicable to this case is the one this court recognized in *Boren.*

In *Boren,* this court "adopt[ed] the following rule: Any period during which the parties are prevented from bringing an action to trial by reason of a stay order shall not be computed in determining the five-year period of Rule 41(e)." 98 Nev. at 6, 638 P.2d at 405. We have since decided *Edwards* and *Morgan.* And the district court read those cases as modifying the *Boren* rule and held that a court takes the plaintiff's degree of diligence in moving the case forward when considering the tolling effect a stay has on NRCP 41(e)'s five-year period. However, we rejected such an interpretation in *D.R. Horton.*[1]

---

[1]We note that the district court did not have the benefit of this court's decision in *D.R. Horton* when it reached its decision. The district

*continued on next page...*

In *D.R. Horton*, this court faced factual and legal issues very similar to the instant case. There, this court was tasked with deciding whether the district court improperly tolled NRCP 41(e)'s five-year period based on imposition of a court-ordered stay. 131 Nev., Adv. Op. 86, 358 P.3d at 926. A homeowners' association (HOA) filed a complaint asserting construction defect allegations against developer D.R. Horton. *Id.* Similar to this case, the HOA filed its complaint without first completing the NRS Chapter 40 prelitigation process. *Id.* at 927. The HOA prematurely filed its complaint to preserve its implied warranty claims against D.R. Horton. *Id.* D.R. Horton later joined in a motion to dismiss the HOA's claims pursuant to NRCP 41(e)'s five-year rule, and the district court denied the motion relying on *Boren*. *Id.* at 927-28. D.R. Horton then filed a writ petition challenging the district court's denial of the motion to dismiss, arguing that "this court should clarify the holdings from *Boren* and its progeny and require a court to examine the parties' diligence in bringing an action to trial when determining if the tolling exception is appropriate." *Id.* at 928.

This court denied D.R. Horton's petition, noting that, although the HOA prolonged the litigation process, the "stay prevented the case from proceeding" and the *Boren* rule applied. *Id.* at 930. In reaching its decision, this court distinguished *Morgan* because, unlike in *D.R. Horton*, *Morgan* "did not involve a court-ordered stay." *Id.* This court also distinguished *Edwards* because *D.R. Horton* involved "a *valid* stay," while the district court-ordered stay in *Edwards* was "based on misinformation

---

*...continued*
court entered its order granting RJC's motion to dismiss on September 4, 2015. This court's opinion in *D.R. Horton* was filed on October 29, 2015.

and [was] later rescinded." *Id.* at 930-31. Finally, this court declined to "adopt a new exemption to the *Boren* rule excepting constructional defect stays from tolling." *Id.* at 931. In doing so, this court noted that "[e]xcluding a [construction defect] stay from the full period allowed by NRCP 41(e) would be unfair, and we see no reason to exclude NRS Chapter 40 litigants from the *Boren* exception." *Id.* Similarly, we see no reason to exclude valid bankruptcy stays from the *Boren* exception where, as here, such a stay has the effect of preventing the case from proceeding.

Here, the parties were prevented from bringing the case to trial based on the bankruptcy stay pursuant to 11 U.S.C. § 301(a), and the court-ordered NRS Chapter 40 stay. Thus, this case is also distinguishable from *Edwards* and *Morgan*, and more closely aligns with our holding in *D.R. Horton*. Because the district court's application of *Edwards* and *Morgan* was in error, we conclude that the district court abused its discretion in declining to toll NRCP 41(e)'s prescriptive period for the entire amount of time the stays were in place.

Accordingly, for the reasons set forth above, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Lynne K. Simons, District Judge
Angius & Terry LLP/Las Vegas
Erickson Thorpe & Swainston, Ltd.
Lemons, Grundy & Eisenberg
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A