# IN THE SUPREME COURT OF THE STATE OF NEVADA

PAUL D. ROTES; AND CATHERINE C. ROTES,
Appellants,
vs.
SUNCREST BUILDERS, INC., A NEVADA CORPORATION; GREGORY G. BISCHOFF, INDIVIDUALLY; VICKI P. BISCHOFF, INDIVIDUALLY; 430 MAHOGANY, LLC, A NEVADA LIMITED LIABILITY COMPANY; STANLEY J. PESNER, INDIVIDUALLY; AND LILA PESNER, INDIVIDUALLY,
Respondents.

No. 76180

FILED

DEC 19 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss for want of prosecution under NRCP 41(e)'s five-year rule. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

This appeal arises from a construction defect lawsuit. Appellants Paul and Catherine Rotes (the Roteses) purchased a home in Reno in 2008 and thereafter discovered that their property suffered from various construction defects. The Roteses initiated NRS Chapter 40's construction defect prelitigation process in May 2011, and following failed attempts at settlement, filed their complaint against respondents (collectively Suncrest) on December 29, 2012.

The parties twice stipulated to continue the trial date in the underlying action, first in February 2015 and again in August 2015. The parties stipulated in August 2015 to continue the trial date in order to join third-party subcontractors to the action. Based on the parties' stipulation,

19-51321

the district court ordered a continuance and further ordered that the trial date would not be reset until all third parties were joined in the action. After nearly nine months passed with no additional parties being joined, the district court ordered the Roteses to show cause why their case should not be dismissed for want of prosecution under NRCP 41(e). In their response, the Roteses claimed that expert reports and investigations had been delayed for various reasons, while acknowledging their responsibility to continue moving the case forward in light of NRCP 41(e)'s time prescriptions.

After the Roteses served an amended Chapter 40 notice on Suncrest, the parties re-engaged in the Chapter 40 prelitigation process. Relevant third-party subcontractors also participated in the process, which concluded unsuccessfully after mediation attempts failed. On January 9, 2018, Suncrest moved to dismiss for failure to prosecute under NRCP 41(e)'s mandatory five-year dismissal rule. The district court granted Suncrest's motion and the Roteses timely appealed. We affirm the district court's dismissal.

## DISCUSSION

NRCP 41(e)[1] requires a district court to dismiss an action that is not "brought to trial within 5 years after the plaintiff has filed the action, except where the parties have stipulated in writing that the time may be

---

[1]The Nevada Rules of Civil Procedure were amended effective March 1, 2019. *In re Creating a Comm. to Update and Revise the Nev. Rules of Civil Procedure*, ADKT 522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018). Because the underlying action commenced prior to NRCP 41(e)'s amendment, we apply the former version of the rule here.

extended." NRCP 41(e)'s five-year rule "is clear and unambiguous and requires no construction other than its own language." *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 131 Nev. 865, 872, 358 P.3d 925, 929 (2015) (internal quotation marks omitted). Under the five-year rule, "where a case has not been brought to trial after five years, dismissal is mandatory, affording the district court no discretion." *Id.* The five-year rule applies to any "action," which "includes the original claim and any crossclaims, counterclaims, and third-party claims." *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev. 21, 23, 388 P.3d 226, 229 (2017) (quoting *United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Indus. v. Manson*, 105 Nev. 816, 820, 783 P.2d 955, 957-58 (1989)).

We review de novo a district court's dismissal for failure to prosecute under the five-year rule. *Power Co., Inc. v. Henry*, 130 Nev. 182, 186, 321 P.3d 858, 860-61 (2014). It is the plaintiff's obligation to ensure compliance with NRCP 41(e)'s five-year rule. *Morgan v. Las Vegas Sands, Inc.*, 118 Nev. 315, 321, 43 P.3d 1036, 1040 (2002).

The district court's NRCP 41(e) order concluded that the August 2015 continuance did not prevent the parties from prosecuting the case, but simply required all third parties to be joined before a new date for trial would be set. The Roteses argue that the district court's August 2015 continuance prevented them from bringing the case to trial until Suncrest joined third-party subcontractors to the underlying action. The Roteses argue that it was procedurally impossible for them to join third-party subcontractors, and urge this court to treat the August 2015 continuance as an effective stay of proceedings that prevented them from moving forward with their claims. The Roteses rely on *Boren v. City of North Las Vegas*, 98

SUPREME COURT
OF
NEVADA

(O) 1947A

3

Nev. 5, 638 P.2d 404 (1982), and *D.R. Horton*, 131 Nev. 865, 358 P.3d 925, for their argument. We are not persuaded that the parties' stipulation to continue and the court's August 2015 continuance tolled the five-year rule in this case.

We articulated an exception to NRCP 41(e)'s five-year rule in *Boren*, holding that where a trial court "prohibit[s] the parties from going to trial," it "is so obviously unfair and unjust as to be unarguable" for the trial court to dismiss the action for failure to bring the case to trial. 98 Nev. at 5-6, 638 P.2d at 404. Under *Boren*, "[a]ny period during which the parties are *prevented* from bringing an action to trial by reason of a stay order shall not be computed in determining the five-year period of Rule 41(e)." *Id.* at 6, 638 P.2d at 405 (emphasis added). For several reasons, the *Boren* exception does not apply here.

First, strictly speaking, the *Boren* exception does not apply here because the district court's August 2015 order was not a stay order; it was explicitly an "Order to Continue Trial." Any misapprehension about whether the order was a stay or a continuance should have been remedied when, nine months later, the district court ordered the Roteses to show cause why the action should not be dismissed under NRCP 41(e) for failure to prosecute. The record demonstrates that the Roteses understood the order to be a continuance, not a stay order. Their own pleadings repeatedly refer to the parties' stipulation as a stipulation to continue, not a motion to stay proceedings.[2]

---

[2]The Roteses unpersuasively attempt to diminish the significance of the court's continuance order by arguing that, although the order did not use the word "stay," this court should nevertheless treat the continuance as

Second, the Roteses affirmatively represented that the August 2015 continuance did not prevent them from moving forward with prosecuting their case. In their filings with the district court, they recognized the nine-month delay between the August 2015 continuance and the district court's order to show cause, accepted their responsibility for moving the case forward in light of NRCP 41(e), and requested that the district court not dismiss the action but allow them to continue prosecution of the case. Given their explicit representations to the district court, the Roteses cannot argue that the August 2015 order had any practical effect of preventing them from moving forward with prosecuting their case, thereby relieving them of their "duty to carefully track the crucial procedural dates and to actively advance the case at all stages, a duty that may require the plaintiff to take initiative and prod the district court when the case sits dormant." *Allyn v. McDonald*, 117 Nev. 907, 912, 34 P.3d 584, 587 (2001).

The Roteses apparently misinterpret *D.R. Horton* for the proposition that *any* time spent participating in the NRS Chapter 40 process should be *automatically* excluded from the calculation of NRCP 41(e)'s five-year deadline. *See D.R. Horton*, 131 Nev. 865, 358 P.3d 925.

---

a stay of proceedings because "[t]his [c]ourt does not 'exalt form over substance.'" *See Marcuse v. Del Webb Cmtys., Inc.*, 123 Nev. 278, 285, 163 P.3d 462, 467 (2007)). *Marcuse* expressed this court's rejection of the minority approach on the issue of whether an unnamed class member has standing to appeal from the final judgment in a class action. *Marcuse*, 123 Nev. at 285, 163 P.3d at 467. It is inapposite here. More directly on point is this court's holding in the NRCP 41(e) context that stipulations must explicitly request to extend time in order to save an action from dismissal under the five-year rule. *See, e.g., Erickson v. One Thirty-Three, Inc., & Assocs.*, 104 Nev. 755, 757-58, 766 P.2d 898, 900 (1988).

*D.R. Horton* does not reach as broadly as the Roteses urge and does not support their argument.

Unlike the continuance here, the stay at issue in *D.R. Horton* was "a court-ordered stay [that] prevent[ed] [the] parties from prosecuting the case." *Id.* at 874, 358 P.3d at 931. The Roteses did not move to stay proceedings under NRS 40.647(2)(b), nor did they otherwise endeavor to halt the proceedings while the Chapter 40 process played out. Other than the August 2015 stipulation to continue, the Roteses made no effort to toll the five-year deadline or extend time, even after the district court, in its order to show cause, put them on notice that NRCP 41(e)'s five-year clock was ticking. The stipulation's generic reference to joining third-party subcontractors to the action was altogether silent as to NRS Chapter 40, and is insufficient to stay proceedings or toll NRCP 41(e)'s five-year rule.

The Roteses acknowledged their responsibility to timely bring their case to trial when they responded to the district court's order to show cause, more than three years after they filed their complaint. Thereafter, they could have moved to stay proceedings under NRS 40.647(2)(b) in order to complete the NRS Chapter 40 prelitigation process, but they did not. They also could have stipulated in writing to extend the five-year time period, but they did not. We cannot interpret the parties' stipulation to continue as a stipulation to extend time for NRCP 41(e) purposes, because in their opposition to Suncrest's NRCP 41(e) motion to dismiss, the Roteses represented that "[t]he parties have not agreed to extend the time period in this case." And because the Roteses apparently were moving forward with their case well after the August 2015 continuance was entered, there is no indication that the practical effect of the order was to prevent them from timely prosecuting their case.

As plaintiffs, the Roteses had the duty "to be sufficiently diligent to preclude entry of a 41(e) dismissal." *Johnson v. Harber*, 94 Nev. 524, 527, 582 P.2d 800, 801 (1978). The Roteses argue that Suncrest "had the opportunity long before September 2017 to seek leave to amend their pleadings to add their subcontractors as [t]hird-[p]arty [d]efendants." But "[i]t is the obligation of the plaintiff to ensure compliance with the NRCP 41(e) prescriptive period," and "a defendant in a civil case is under no obligation to affirmatively prosecute a case toward trial." *Morgan*, 118 Nev. at 321, 43 P.3d at 1040. The Roteses' efforts to shift responsibility to Suncrest therefore fail.

In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:   Hon. Barry L. Breslow, District Judge
      Madelyn Shipman, Settlement Judge
      Lipson Neilson P.C.
      McDonald Carano LLP/Reno
      Washoe District Court Clerk