DAVID JAMES RICKARD, Appellant, v. MONTGOMERY WARD & CO., INCORPORATED, dba MONTGOMERY WARD, Respondent.

No. 38122

September 2, 2004

96 P.3d 743

*Frederick S. Geihs,* Las Vegas, for Appellant.

*Gugino Law Firm* and *Monte Hall,* Las Vegas, for Respondent.

Before ROSE, MAUPIN and DOUGLAS, JJ.

# OPINION

*Per Curiam:*

This appeal concerns whether the five-year prescriptive period under NRCP 41(e) is tolled for the period that a stay is imposed by a debtor's bankruptcy. Appellant David Rickard filed suit against respondent Montgomery Ward & Co., Inc., and several other parties. Thereafter, Ward filed a chapter 11 bankruptcy proceeding, which stayed Rickard's action. Eventually, Rickard obtained relief from the stay and filed a motion for trial setting with the district court. Before the trial date, Ward and the other defendants filed a motion to dismiss for Rickard's failure to bring the matter to trial within five years.

The district court ultimately dismissed the matter under NRCP 41(e), which requires involuntary dismissal of any civil case not brought to trial within five years following its commencement. Rickard appeals on the primary theory that, pursuant to 11 U.S.C. § 108(c), the five-year prescriptive period in NRCP 41(e) was tolled for the time period during which Ward was under the protection of the bankruptcy court. In the alternative, Rickard argues that principles of equity require tolling in this case based on misrepresentations made by Ward.

We conclude that 11 U.S.C. § 108(c) in itself does not toll the five-year period during the pendency of a bankruptcy proceeding. However, discerning no reason to distinguish between a court ordered stay and the automatic stay imposed by federal bankruptcy law, we now extend our rule under *Boren v. City of North Las Vegas*[1] and conclude that a § 362(a) automatic stay tolls NRCP 41(e)'s five-year prescriptive period.

## FACTS

On January 23, 1993, an incident involving Rickard occurred at Ward's store located in Las Vegas, Nevada. On April 20, 1993, Rickard filed a complaint in Clark County District Court against Ward and other defendants, alleging claims of relief for assault and battery, false arrest and false imprisonment, intentional infliction of emotional distress, breach of duty to protect, negligence, negligence regarding employees and agents, and negligent infliction of emotional distress.

On July 7, 1997, Ward filed a chapter 11 bankruptcy proceeding with the United States Bankruptcy Court in the District of Delaware. In accordance with federal bankruptcy law, Rickard's

---

[1]98 Nev. 5, 638 P.2d 404 (1982).

action in the Nevada district court was stayed at that time.[2] On August 25, 1998, Rickard filed a motion for relief from stay, requesting that he be allowed to continue prosecuting his pre-petition action filed against Ward. The bankruptcy court granted Rickard's motion by stipulated order entered on November 11, 1998. On January 27, 1999, Rickard notified Ward that he had received relief from the stay through receipt of a copy of the stipulated order, which Rickard also filed with the district court.

On July 6, 1999, Rickard filed a motion for a trial setting with the district court. After a hearing on Rickard's unopposed motion, the district court entered its order setting a jury trial in Rickard's case for August 3, 1999.

On July 23, 1999, Ward and the other defendants filed a motion to dismiss based on Rickard's failure to bring the matter to trial within five years as required by NRCP 41(e). Following hearings on the motion, the district court indicated that it was going to deny the motion to dismiss as to Ward. Ward's counsel then requested that the proceedings be stayed to allow Ward to bring an appeal before this court, even though the court had not yet entered a final judgment. The district court ultimately granted the stay and ordered Ward's counsel to prepare an order. The parties represent that on April 28, 2000, the district court entered its order on defendants' motion to dismiss.[3]

In addition to miscellaneous provisions relating to all other defendants, the order stated that the motion to dismiss as to Ward was denied since the court found the thirty-day period prescribed by 11 U.S.C. § 108(c)(2) to be unworkable. Additionally, the order concluded that pursuant to NRAP 8, the district court's order setting Rickard's case for trial on August 3, 1999, was stayed pending appeal of the current order.[4] Despite Ward's representation of its intent to appeal, or in the alternative to seek a writ of mandamus, Ward never took any further action.

On January 11, 2001, the district court noticed Rickard's case for a status check regarding the trial setting and reassigned the case to a new department. At the status check on January 23, 2001, after failing to understand why the five-year rule had not run on Ward as it had on the other defendants, the newly assigned district

---

[2]*See* 11 U.S.C. § 362(a) (2000) (imposing automatic stay of any action to collect on liability of debtor).

[3]The record indicates that an order was previously entered on October 6, 1999. This order stated that the motion to dismiss as to Ward was denied, but was granted as to the other defendants.

[4]We note that only this court can enter a stay under NRAP 8, in the context of an appeal or original writ petition. *See, e.g.,* NRAP 8; *Fritz Hansen A/S v. Dist. Ct.,* 116 Nev. 650, 657, 6 P.3d 982, 986 (2000).

court judge requested that the parties file points and authorities indicating all significant dates and explaining why the five-year rule had not run. The parties complied.

On April 19, 2001, the district court heard argument regarding dismissal of Rickard's action pursuant to NRCP 41(e) for failure to bring the matter to trial within five years. The district court ultimately concluded that the five-year period had run as to Ward and dismissed Rickard's case.

## DISCUSSION

NRCP 41(e), governing dismissal of actions, provides, in pertinent part, as follows:

> **Want of Prosecution.** . . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of any party, or on the court's own motion, after due notice to the parties, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended.

The purpose of the five-year rule is to compel expeditious determinations of legitimate claims.[5] "The language of NRCP 41(e) is mandatory."[6] The district court must dismiss the action if it is not brought to trial within five years after the plaintiff has filed his action, unless the parties agree to extend the five-year period.[7]

In the instant case, Rickard filed his complaint on April 20, 1993. Therefore, Rickard was required to bring his case to trial on or before April 20, 1998. On July 15, 1999, the district court set the matter for trial on August 3, 1999. The trial date fell one year, three months, and fourteen days outside the NRCP 41(e) five-year prescriptive period.

Rickard advances two arguments in defense of his failure to bring the case to trial within the five-year period: (1) the five-year prescriptive period was tolled while Ward was under the protection of the bankruptcy court's automatic stay; and (2) equitable principles require the tolling of the five-year period.

Rickard first argues that the five-year period under NRCP 41(e) was tolled by 11 U.S.C. § 108(c) during the time that Ward was under the jurisdiction of the bankruptcy court. Rickard's argument

---

[5]*Baker v. Noback,* 112 Nev. 1106, 1110, 922 P.2d 1201, 1203 (1996).

[6]*Morgan v. Las Vegas Sands, Inc.,* 118 Nev. 315, 320, 43 P.3d 1036, 1039 (2002).

[7]NRCP 41(e); *see also Morgan,* 118 Nev. at 320, 43 P.3d at 1039.

is predicated on his reading of § 108(c)(1) of the Bankruptcy Code,[8] which he believes provides for tolling of externally imposed statutes of limitation for the period that a stay is imposed by a debtor's bankruptcy. We disagree.

Section 108(c) of the Bankruptcy Code is the exclusive provision of the Code that deals with the effect of a bankruptcy filing on the running of statutes of limitation. Congress enacted § 108(c) to prevent debtors who file bankruptcy in order to let the statute of limitations run, from using the expiration of the limitations period as a complete defense.[9] Section 108(c) states, in pertinent part:

> [I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay . . . .

By its terms, § 108(c) does not toll any applicable limitations period, such as the prescriptive five-year period in NRCP 41(e).[10] The phrase "including any suspension of such period" found in § 108(c)(1) does not in itself stop the running of a limitations period.[11] "[R]ather, this language merely incorporates suspensions of deadlines that are expressly provided in *other* federal or state statutes."[12] Nevada has no such tolling provisions under its state statutes, and NRCP 41(e) "is silent . . . as to whether any time periods are excluded from the calculation of the five-year period."[13] However, in *Boren v. City of North Las Vegas,*[14] we considered whether a court ordered stay tolled NRCP 41(e)'s five-year prescriptive period. We held that "[a]ny period during which the parties are prevented from bringing an action to trial by reason of

---

[8]Title 11 of the United States Code is commonly referred to as the Bankruptcy Code; thus all citations to a section of the Bankruptcy Code refer to Title 11.

[9]*In re Morton,* 866 F.2d 561, 566 (2d Cir. 1989).

[10]*Aslanidis v. U.S. Lines, Inc.,* 7 F.3d 1067, 1073 (2d Cir. 1993).

[11]*Id.*

[12]*Id.*

[13]*Morgan,* 118 Nev. at 320, 43 P.3d at 1039.

[14]98 Nev. 5, 6, 638 P.2d 404, 405 (1982).

a stay order shall not be computed in determining the five-year period of Rule 41(e).''[15] We do not discern any reason for distinguishing between the court ordered stay in *Boren* and the automatic stay imposed by federal bankruptcy law, pursuant to 11 U.S.C. § 362(a), in the instant case. Thus, we conclude that § 362(a)'s automatic stay tolled the five-year period under NRCP 41(e).

Additionally, we note that policy considerations support extending the rule adopted in *Boren* to include the automatic stay under § 362(a) of the Bankruptcy Code. When the district court initially considered Ward's motion to dismiss, the district court denied Ward's motion, in part, because the district court found the thirty-day period under § 108(c)(2) "unworkable." We agree. In today's legal system, crowded court calendars can make it impractical, if not impossible, for a case to be brought to trial within the thirty-day time period prescribed by § 108(c). While this thirty-day period may be appropriate for taking other action in the case that had been stayed, it is not appropriate when the duty to bring a case to trial is concerned. Thus, in order to permit proper vindication of rights, we extend the rule in *Boren* and conclude that NRCP 41(e)'s five-year prescriptive period is tolled for the time that the bankruptcy stay remains in effect.

Rickard's complaint was filed on April 20, 1993. Under NRCP 41(e), the matter should have been brought to trial by April 20, 1998. On July 19, 1997, at the time Ward's bankruptcy stay was issued, Rickard had nine months and thirteen days remaining before the five-year period expired. Since the § 362(a) automatic stay tolled the prescriptive five-year period, when the stay was lifted on November 11, 1998, Rickard had nine months and thirteen days, or until August 24, 1999, to bring his case to trial. We realize that Rickard's action was not actually brought to trial on or before August 24, 1999, as the district court stayed its order setting Rickard's case for trial on August 3, 1999, pending Ward's appeal. However, under *Boren,* the district court's stay also operated to toll the 41(e) prescriptive period,[16] thus we conclude that Rickard's efforts to bring his action to trial were timely.

Finally, given that so little of the five-year prescriptive period remains even after Rickard is given the benefit of tolling, we fail to see how Rickard will be able to calendar and bring his case to trial

---

[15]*Id.*

[16]*Morgan,* 118 Nev. at 320, 43 P.3d at 1039; *Boren,* 98 Nev. at 6, 638 P.2d at 405.

within sufficient time. Therefore, for equitable reasons,[17] we instruct the district court to give Rickard a reasonable period of time to set and bring his case to trial, provided Rickard acts expeditiously.

We reverse the order of the district court dismissing Rickard's complaint against Ward, and we remand this case to the district court for a trial on the merits of Rickard's claims.

---

[17]*See Carcione v. Clark,* 96 Nev. 808, 811, 618 P.2d 346, 348 (1980) (noting that ''[e]quity regards as done what in good conscience ought to be done'').