JOHN CARSTARPHEN, Appellant, *v.* RICHARD L. MILSNER, as a Shareholder and Treasurer of AMERICAN MEDFLIGHT, INC., Respondent.

No. 51631

March 1, 2012                                      270 P.3d 1251

---

[13]We have considered the parties' remaining arguments and conclude that they are without merit.

*King & Russo, Ltd.*, and *J. Scott Russo* and *Patrick O. King*, Minden, for Appellant.

*Richard G. Hill, Chartered*, and *Richard G. Hill* and *LaRee L. Beck*, Reno, for Respondent.

## OPINION

By the Court, CHERRY, J.:

In this appeal, we address the factors that the district court must consider when determining whether to grant or deny a motion for a preferential trial date to avoid the expiration of NRCP 41(e)'s five-year period. We conclude that, in accordance with our decision in *Monroe, Ltd. v. Central Telephone Co.*, 91 Nev. 450, 456, 538 P.2d 152, 156 (1975), when evaluating such a motion, the district court must consider the time remaining in the five-year period when the motion is filed and the diligence of the moving party and his or her counsel in prosecuting the case. Here, appel-

lant brought his motion for a preferential trial date with more than three months remaining in the five-year period and demonstrated sufficient diligence in prosecuting his case so that it was an abuse of discretion for the district court to deny the motion. Accordingly, we reverse the interlocutory order denying the preferential trial date motion, and, as a result, we further reverse the subsequent order dismissing the complaint under NRCP 41(e). Since the five-year period had expired at the time the complaint was dismissed on that basis, however, we must determine how much time appellant should have, on remand, to bring his case to trial. As this court's body of jurisprudence contains competing lines of precedent with regard to the time a plaintiff has to bring a case to trial, after the reversal and remand of an erroneous judgment or dismissal entered before the commencement of trial, in order to avoid dismissal under NRCP 41(e), we take this opportunity to clarify our precedent addressing this issue and hold that a plaintiff has three years from the date the remittitur is filed in the district court to bring his or her case to trial.

## BACKGROUND

NRCP 41(e)'s five-year rule provides that a district court shall dismiss an action not brought to trial within five years of the date on which the plaintiff filed the action, unless the parties stipulate, in writing, that the time for bringing the action to trial may be extended. Here, on August 13, 2007, with less than seven months left in the five-year period, the parties held a status conference during which they stipulated to vacate an October 15, 2007, trial date and stay all discovery and motion practice until further stipulation of the parties or order of the court, in anticipation of settlement negotiations. In accordance with the stipulation, the October trial date was vacated and trial of the matter was reset for May 12, 2008, beyond the expiration date of the five-year period. The district court subsequently entered a written order memorializing the parties' stipulation and the new trial date. No mention of the running of the NRCP 41(e) period was made either at the status conference or in the district court's order.

Appellant, the plaintiff below, was subsequently unable to obtain an agreement to extend the five-year period up to the scheduled trial date. As a result, the district court was ultimately presented with competing motions by appellant that sought to either confirm that the parties' stipulation at the status conference and the order entered thereon acted to toll or extend the five-year period or obtain a preferential trial date before the expiration of the NRCP 41(e) period. Respondent opposed both motions. The district court denied the preferential trial motion, without explanation, and instead granted the motion to confirm that the five-year rule had

been tolled or extended. In granting the motion, the district court concluded that "[d]efendants, by stipulating to vacate the October trial date and agreeing to set trial in May 2008, implicitly agreed to extend the five-year rule of NRCP 41(e)."

Despite the grant of appellant's motion to confirm the extension of the five-year rule, on March 5, 2008, shortly after the five-year anniversary of the filing of appellant's complaint, respondent moved the district court to dismiss the action based on appellant's failure to bring the case to trial within five years. Respondent argued that the district court had improperly concluded that an implicit agreement to extend the five-year rule existed. Because the parties' stipulation to reschedule the trial date, as reflected in the transcript of the status conference, made no mention of the five-year period, respondent asserted that no stipulation to extend the period had been made, and thus, the district court was required to dismiss the case pursuant to NRCP 41(e). After full briefing of respondent's motion, the district court entered an order granting the motion and dismissing the underlying case. Finding that the stipulation was in fact silent on the five-year period, the district court concluded that the stipulation was insufficient to toll or extend the running of that period. It further found that "its order [confirming the extension of the five-year period] was ineffective, as it was based upon an error of law." This appeal followed.

On appeal, appellant primarily argues that the district court's denial of his motion for a preferential trial date was improper, and as a result, the dismissal of his case under the five-year rule should be reversed. Respondent disagrees. Based on the reasoning set forth below, we agree with appellant's contention and therefore reverse the denial of the preferential trial date motion and the resulting dismissal of the case under NRCP 41(e), and we remand the matter to the district court for further proceedings consistent with this opinion.

## DISCUSSION

In dismissing the underlying action based on appellant's failure to bring the case to trial within the five-year period, the district court concluded that its order confirming the extension of the NRCP 41(e) period was "ineffective" and "based upon an error of law." We agree with the district court's conclusion. Indeed, the district court's finding of an implied agreement to toll or extend the NRCP 41(e) period ignored both the plain language of the rule and this court's long-standing authority. *See* NRCP 41(e) (requiring dismissal for failure to bring a matter to trial within five years of filing the complaint "except where the parties have stipulated in writing that the time may be extended"); *see also Prostack v. Lowden*, 96 Nev. 230, 231, 606 P.2d 1099, 1099-1100 (1980) (recog-

nizing that "an oral stipulation, entered into in open court, approved by the judge, and spread upon the minutes, is the equivalent of a written stipulation," but declining to find any agreement to extend the five-year period where the stipulation "was silent as to the expiration of the five year limit, and the judge who heard the motion was not made aware of the problem"); *Flintkote Co. v. Interstate Equip. Corp.*, 93 Nev. 597, 571 P.2d 815 (1977) (rejecting an argument that the parties' stipulation contained an implied waiver of the five-year rule and noting that NRCP 41(e) requires any such stipulation to be in writing); *Thran v. District Court*, 79 Nev. 176, 181, 380 P.2d 297, 300 (1963) (concluding that "[w]ords and conduct, short of a written stipulation" cannot estop a defendant from seeking dismissal pursuant to the five-year rule). Regardless of whether the infirmity of the implied waiver conclusion was brought to the district court's attention in the course of its consideration of the motion to confirm the extension or that the five-year period had been tolled, the district court should have been aware that no implied waiver could be found and rejected the motion accordingly.

Further compounding its error in granting the motion to confirm the extension of the NRCP 41(e) period, the district court summarily denied appellant's preferential trial motion, ostensibly based on its conclusion that the parties had stipulated to extend the five-year period.[1] In reaching this conclusion, the district court failed to weigh the relevant considerations set forth in *Monroe, Ltd. v. Central Telephone Co.*, 91 Nev. 450, 456, 538 P.2d 152, 156 (1975), for evaluating a motion for a preferential trial date brought to avoid dismissal under NRCP 41(e)'s five-year rule, and thus, we conclude that the denial of appellant's motion was an abuse of discretion. *Monroe*, 91 Nev. at 456, 538 P.2d at 156 ("Setting trial dates and other matters done in the arrangement of a trial court's calendar is within the discretion of that court, and in the absence of arbitrary conduct will not be interfered with by this court.").

In *Monroe*, this court rejected appellant's argument that the district court improperly denied a motion for a preferential trial setting brought to avoid the running of the NRCP 41(e) period. *Id.* There, the plaintiff brought the preferential trial date motion less than three weeks before the five-year period expired and, with the exception of the dismissal of one defendant based on a settlement

---

[1]The district court's order denying the preferential trial motion provides no explanation for its denial. That motion and the motion to confirm the extension of the five-year period were essentially brought as alternatives, however, with appellant asserting that the preferential trial motion could be denied if the district court concluded that the five-year period had been extended and both motions were resolved by orders entered on the same day.

shortly after the complaint was filed, nothing took place in the district court until a "note for trial docket" was filed by the plaintiff four years and eleven months after the date the complaint was filed. *Id.* at 452, 538 P.2d at 153. In concluding that no abuse of discretion occurred in denying the preferential trial motion, the *Monroe* court emphasized the fact that appellant had delayed filing its application until "just before dismissal would have been required under NRCP 41(e)." *Id.* at 456, 538 P.2d at 156. The court further held that the diligence required on the part of appellant and its counsel was not reflected in the record, noting that "[n]o valid reason or explanation was given for the pendency of this case for some four years after it had been at issue." *Id.* Albeit obscured by the extreme situation at issue in that case, the *Monroe* court nonetheless announced the salient considerations that a district court must weigh when entertaining a motion for a preferential trial date brought to avoid an NRCP 41(e) dismissal.[2] We reaffirm *Monroe*'s determination that, in evaluating such a motion, the district court must consider: (1) the time remaining in the five-year period when the motion is filed, and (2) the diligence of the moving party and his or her counsel in prosecuting the case. 91 Nev. at 456, 538 P.2d at 156.

Applying the factors to the present case, the record reveals that appellant filed his preferential trial motion on November 26, 2007, more than three months before the five-year period was set to expire on March 3, 2008. In addition, the record reflects that appellant diligently moved his case forward and actively pursued discovery. Indeed, on April 4, 2006, with the case more than three years into the five-year period, respondent actually stipulated to the fact that the parties were diligently working on discovery as part of a stipulation between the parties to vacate a trial date. Finally, the record reveals that the underlying case was never allowed to languish through prolonged periods of inactivity.

In light of the foregoing, we conclude the district court abused its discretion in denying appellant's motion for a preferential trial date. *Id.* As a result, both the district court's denial of that motion

---

[2]Focusing on an overly narrow reading of our application of *Monroe* to the facts of the instant case, instead of the actual considerations set forth in that decision, our dissenting colleague incorrectly asserts that we adopt a new rule governing the resolution of preferential trial motions brought to avoid dismissal under NRCP 41(e) and advocates instead for adoption of the factors set forth in the California Supreme Court's decision in *Salas v. Sears, Roebuck & Co.*, 721 P.2d 590 (Cal. 1986), to guide the resolution of such motions. Contrary to the dissent's position, the approach set forth in *Monroe* provides a straightforward methodology that can be easily implemented by the district courts to resolve preferential trial motions brought under these circumstances, and thus, we see no reason to cast aside our existing precedent in favor of the approach favored by the dissent.

and the resulting dismissal of this case pursuant to NRCP 41(e) must be reversed and remanded to the district court with instructions to grant appellant a preferential trial date.[3] This conclusion does not end our analysis, however, as, given that the five-year period had expired at the time that appellant's complaint was dismissed, it becomes necessary to determine how much time appellant should have, on remand, to bring his case to trial. Our examination of this court's precedent determining how much time a plaintiff has, under NRCP 41(e), to bring his or her case to trial following a reversal and remand of an erroneous judgment or dismissal entered in a case that has not yet been brought to trial reveals inconsistencies in how this court has resolved that issue.

We begin with this court's 1981 case, *McGinnis v. Consolidated Casinos Corp.*, 97 Nev. 31, 623 P.2d 974 (1981), in which the court addressed the impact of an earlier appellate reversal and remand of an order dismissing the underlying case on the running of the NRCP 41(e) period. To resolve the issue, the *McGinnis* court considered the relevance of the portion of NRCP 41(e) providing that, " '[w]hen in an action after judgment, an appeal has been taken and judgment reversed with [the] cause remanded for a new trial . . . the action must be dismissed . . . unless brought to trial within [3] years from the date upon which remittitur is filed by the clerk of the trial court' " to situations in which an errant judgment, entered prior to the commencement of trial, is reversed and remanded on appeal. *Id.* While noting the rule's silence with regard to cases in which trial had not yet commenced, the *McGinnis* court nonetheless concluded that the policy considerations that underlie NRCP 41(e)'s express grant of three years to bring a case to trial when an erroneous judgment is reversed and remanded for a new trial were equally applicable in cases where an errant judgment is reversed and remanded for trial in the first instance. *Id.* As a result, the *McGinnis* court held that, when a judgment entered before trial has commenced is reversed on appeal, on remand, the parties have three years from the date the remittitur is filed in district court to bring the case to trial. *Id.* Subsequent to this court's issuance of the *McGinnis* decision, this court has applied or acknowledged the rule adopted in that case on several occasions. *See, e.g., Monroe v. Columbia Sunrise Hosp.*, 123 Nev. 96, 102, 158 P.3d 1008, 1011-12 (2007); *Bell & Gossett Co. v. Oak Grove Investors*, 108 Nev. 958, 961-62, 843 P.2d 351, 353 (1992); *Massey v. Sunrise Hospital*, 102 Nev. 367, 369-70, 724 P.2d 208, 209-10 (1986).

---

[3]In light of our decision with regard to the preferential trial issue, we need not address appellant's remaining contentions. Additionally, to the extent that respondent's arguments in support of affirming the district court's decision are not discussed herein, we have fully considered those arguments and found them to be without merit.

In 2004, without any mention of the *McGinnis* opinion, this court applied a different rule in *Rickard v. Montgomery Ward & Co.*, 120 Nev. 493, 498-99, 96 P.3d 743, 747 (2004), to determine the time remaining to bring a case to trial on remand from a reversal of a district court's order dismissing a case for failure to bring the matter to trial within the NRCP 41(e) five-year period. The *Rickard* court reversed the five-year dismissal at issue in that appeal based on its conclusion that the time in which the case had been subject to a bankruptcy stay should have been excluded from the calculation of the five-year period, and thus, the time for bringing the case to trial had not yet expired when the district court dismissed the case. 120 Nev. at 498, 96 P.3d at 747. Apparently, operating under the view that, on remand, a plaintiff would generally only have the remaining portion of the five-year period to bring his or her case to trial, the *Rickard* court noted that only a short time remained in the five-year period when the case was dismissed and that the court failed to see how the case could be calendared and brought to trial in the time remaining. *Id.* at 498-99, 96 P.3d at 747. As a result, to ensure that sufficient time would be available to allow the appellant to bring the case to trial on remand, the *Rickard* court concluded that, for equitable reasons, the appellant should be given a "reasonable period of time to set and bring his case to trial," provided he acted expeditiously. *Id.* at 499, 96 P.3d at 747.

In light of the inconsistent rules employed in *McGinnis* and *Rickard* to determine the time a plaintiff has to bring his or her case to trial following the reversal and remand on appeal of an erroneous pretrial judgment or dismissal and the inherent incompatibility of the three-year and reasonable period of time rules applied in those decisions, we take this opportunity to clarify our precedent with regard to this issue. Having fully evaluated the methodology adopted in the *McGinnis* and *Rickard* decisions, we conclude that the *McGinnis* rule constitutes the better-reasoned approach, as, unlike the ambiguous reasonable period for bringing a case to trial utilized in *Rickard*, which could vary widely depending on the judicial district in which the case is pending and the volume of cases on the district court's docket, the provision of a fixed three years to bring a case to trial provides the parties with certainty as to the time remaining, on remand, to bring the case to trial and avoid a subsequent dismissal under NRCP 41(e). Accordingly, we reaffirm *McGinnis*'s holding that, when an erroneous judgment or dismissal entered before trial has commenced is reversed on appeal, on remand, the parties have three years from the date that the remittitur is filed in district court to bring the case to trial in the first instance, *McGinnis*, 97 Nev. at 33, 623 P.2d at 975, and we overrule *Rickard* to the extent that it is inconsistent with this conclu-

sion.[4] As a result, on remand of the instant matter to the district court, appellant shall have three years from the date that the remittitur is filed in district court to bring his case to trial.[5]

## CONCLUSION

In resolving a motion for a preferential trial date brought to avoid dismissal under NRCP 41(e)'s five-year rule, district courts must evaluate (1) the time remaining in the five-year period when the motion is filed, and (2) the diligence of the moving party and his or her counsel in prosecuting the case. Applying these factors to the present case, because appellant filed his preferential trial motion with more than three months remaining in the five-year period and the record reflects that appellant diligently moved his case forward, we conclude that the district court abused its discretion in denying appellant's motion for a preferential trial date. As a result, we reverse the district court's denial of that motion and the resulting dismissal of the underlying case pursuant to NRCP 41(e), and we remand this matter to the district court with instructions to grant appellant a preferential trial date.

In addition, we reaffirm the holding in *McGinnis v. Consolidated Casinos Corp.*, 97 Nev. 31, 623 P.2d 974 (1981), that on remand from an erroneous judgment or dismissal entered before trial has commenced that is reversed on appeal, the parties have three years from the date that the remittitur is filed in district court to bring the case to trial. To the extent that *Rickard v. Montgomery Ward & Co.*, 120 Nev. 493, 498-99, 96 P.3d 743, 747 (2004), is inconsistent with *McGinnis*'s conclusion, it is overruled.

SAITTA, C.J., and DOUGLAS, GIBBONS, HARDESTY, and PARRAGUIRRE, JJ., concur.

PICKERING, J., dissenting:

The error that leads the majority to find a reversible abuse of discretion by the district court originated with the appellant, Carstarphen, and his counsel, not the district court. Because a civil

---

[4]In *Johann v. Aladdin Hotel Corp.*, 97 Nev. 80, 82, 624 P.2d 493, 494 (1981), this court, in reversing a dismissal under NRCP 41(e)'s five-year rule, decreed, without explanation, that on remand the case was to be brought to trial within 120 days of receipt of the remittitur. As we reaffirm the *McGinnis* rule, we necessarily reject *Johann*'s conclusion that, on remand, such cases must be brought to trial within 120 days.

[5]As noted in our December 31, 2008, order, this court will not consider appellant's challenge to the district court's award of costs to respondent. In light of our disposition of this matter, however, appellant is not precluded from moving the district court for relief from that award. Additionally, appellant's request for costs on appeal, made in his opening brief, is denied.

litigant may not secure reversal of an adverse judgment based on an error he invited, I respectfully dissent. I also disagree with, and therefore dissent from, the test the majority announces for judging preferential-trial-setting motions in the NRCP 41(e) context. In my view, the new test is incomplete and, in its incompleteness, potentially disruptive and unfair.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Carstarphen filed this case on March 3, 2003. Under NRCP 41(e), he had until March 3, 2008, to bring the action to trial. In October 2007, Carstarphen changed counsel; his new counsel recognized that the existing May 12, 2008, trial date went beyond NRCP 41(e)'s five-year limit. This led Carstarphen to file two alternative motions in the district court. The first asked the district court to find that "the parties . . . implicitly agreed to waive the five[-]year rule" when, in August 2007, they had stipulated to vacate an earlier trial date and reset it for May 2008. The second asked the district court to grant Carstarphen "an order of preference in setting [the] case for trial" before March 3, 2008, when the five-year rule otherwise would run.

In the district court, Carstarphen presented these as alternative motions and expressed a distinct preference for the first, the implicit-waiver motion. Thus, Carstarphen described the second, preferential-setting motion as a "fallback"; acknowledged that the relief it sought would impose a "burden [on the district] Court, the parties and their counsel, and the prospective jury in this case of having to bring this case to trial prior to the expiration of the five[-]year rule"; and affirmed that "Carstarphen and his counsel are fine with the current May 12, 2008, trial date so long as the Five Year [implicit-waiver] Motion is again granted." Carstarphen advised the court that "[i]f the Five Year Motion [is] granted, this Motion [for preferential trial setting] will be moot."

Consistent with his strategic preference for the implicit-waiver motion—and the extra weeks of trial-preparation time it bought his newly substituted counsel—Carstarphen did not counter Milsner's showings, in opposition to the preferential-setting motion, that: (1) Carstarphen still owed Milsner long-promised party and expert discovery; (2) Carstarphen had protectively refiled his case in federal court in case his five-year-rule motions failed; (3) expert witness availability was doubtful; and (4) Milsner's counsel had two trials scheduled already for February, making a trial in February instead of May in this action difficult, if not impossible. Unlike Carstarphen, who offered mainly argument, not evidence, to support his motions, Milsner substantiated his arguments with affi-

davits, requests for judicial notice, and exhibits, which were included in respondent's separate appendix on this appeal.

Given this record, it is not surprising that, on December 14, 2007, the district court granted the first of Carstarphen's alternative motions (the implicit-waiver motion) and summarily denied the second (the preferential-setting motion). It did so in terms taken almost verbatim from Carstarphen's papers: "The Court finds Defendants, by stipulating to vacate the October trial date and agreeing to set trial in May 2008, *implicitly agreed* to extend the five-year rule of NRCP 41(e)." (Emphasis added.) No further motions were filed in the case until March 5, 2008, when Milsner moved to dismiss based on *Prostack v. Lowden*, 96 Nev. 230, 231, 606 P.2d 1099, 1099-1100 (1980), which holds that only an express agreement, not an implicit one, will suspend NRCP 41(e).

## ANALYSIS

*Prostack*'s facts are similar, if not identical, to those presented here. The plaintiffs moved for and were granted a preferential trial setting to avert an impending five-year rule dismissal. *Id.* at 230, 606 P.2d at 1099. Thereafter, to deal with a late-disclosed witness, the defendants moved to vacate the existing trial date. *Id.* at 231, 606 P.2d at 1099. The plaintiffs did not oppose the motion, and the district court reset the trial to a date beyond the five-year rule deadline. *Id.* After the five-year rule deadline had passed, the defendants moved to dismiss under NRCP 41(e). *Id.* The plaintiffs argued that, implicit in the defendants' unopposed request for additional discovery and a new trial date, was their agreement to waive the five-year rule. *Id.* The district court disagreed and dismissed the case. *Id.* This court affirmed, holding that "[o]ur previous decisions construing NRCP 41(e) clearly indicate that mandatory dismissal for failure to bring an action to trial within five years from the filing of the complaint can be avoided only by a written stipulation between the parties extending the time." *Id.* (citing *Johnson v. Harber*, 94 Nev. 524, 582 P.2d 800 (1978)). We further stated that "[i]t is upon the plaintiffs, the appellants here, that the duty rests to bring the case to trial within the period specified by the rule." *Id.* at 231, 606 P.2d at 1100.

Applying *Prostack*, the district court's dismissal should be affirmed, not reversed. Carstarphen made a legal error when he assumed, as the plaintiffs did in *Prostack*, that a stipulation to vacate and reset an existing trial date implicitly waives the five-year rule. This legal error led Carstarphen to commit three additional errors: (1) to urge the district court to deny his preferential-setting motion as moot if it granted his implicit-waiver motion; (2) not to develop his motion for a preferential trial setting or respond mean-

ingfully to Milsner's opposition to it; and (3) to fail to recognize the error in the December 14, 2007, "implicit waiver" order until the five-year rule ran on March 4, 2008.[1]

" 'The doctrine of "invited error" embodies the principle that a party will not be heard to complain on appeal of errors which he himself induced or provoked the [district] court . . . to commit.' " *Pearson v. Pearson*, 110 Nev. 293, 297, 871 P.2d 343, 345 (1994) (quoting 5 Am. Jur. 2d *Appeal and Error* § 713 (1962)). Reversal based on errors Carstarphen "induced or provoked" is inappropriate. The invited error doctrine applies, not just to the failure to recognize that *Prostack* defeats the implicit-waiver argument on which Carstarphen chiefly relied, but also to Carstarphen's failure to recognize and argue that the preferential-setting motion had to be granted or certain dismissal would follow under NRCP 41(e). I am hard-pressed to find, consistent with *Pearson*, an abuse of discretion by the district court in failing to recognize the dire consequences to Carstarphen of crediting his lawyer's arguments. *Cf. Nelson v. Napolitano*, 657 F.3d 586, 590-91 (7th Cir. 2011) ("the district court [is not] obliged to research and construct legal arguments for parties, especially when they are represented by counsel," "is not obliged to grant relief from a lawyer's mistaken reading of a rule or statute," and "abuses its discretion only when no reasonable person could agree with [its] decision").

Carstarphen's failure to develop a record on the preferential-trial-setting motion leads the majority to adopt a rule that is so broad as to be unworkable: A district court commits an abuse of discretion when it denies a cursory preferential-setting motion if the record demonstrates some diligence and the motion is made more than three months before trial. While I agree that, in an appropriate case, a district court has discretion to grant a litigant a preferential trial setting to avoid NRCP 41(e)'s five-year rule, the factors that inform that discretion, and our deferential review

---

[1]These errors, while understandable, differ little from the errors held insufficient to overcome NRCP 41(e)'s mandatory five-year rule in our established precedent. *See Allyn v. McDonald*, 117 Nev. 907, 912, 34 P.3d 584, 587 (2001) ("except in very limited circumstances, we uphold NRCP 41(e) dismissals without regard to the plaintiff's reasons for allowing the mandatory period to lapse" (footnote omitted)); *Johnson*, 94 Nev. at 526, 582 P.2d at 801 ("Although appellant appears to be the victim of unfortunate circumstances, this Court has consistently held that dismissal pursuant to NRCP 41(e) for failure to bring to trial a claim within five years of filing the complaint is mandatory." (citing cases)); *Thran v. District Court*, 79 Nev. 176, 181, 182, 380 P.2d 297, 300 (1963) (dismissal is mandatory when the five-year mark is passed: "the exercise of discretion is not involved" and "[p]rejudice is presumed"); *see also De Santiago v. D and G Plumbing, Inc.*, 65 Cal. Rptr. 3d 882, 887 (Ct. App. 2007) ("The exercise of reasonable diligence includes a duty 'to monitor the case in the trial court to ascertain whether any filing, scheduling or calendaring errors have occurred.' " (quoting *Tamburina v. Combined Ins. Co. of America*, 54 Cal. Rtpr. 3d 175, 184 (2007)).

of its exercise, should be much more inclusive than the majority suggests.

Nevada has historically consulted California law, which also has a five-year rule, in interpreting NRCP 41(e). *Thran v. District Court*, 79 Nev. 176, 179, 380 P.2d 297, 299 (1963). In *Salas v. Sears, Roebuck & Co.*, 721 P.2d 590, 594 (Cal. 1986), the California Supreme Court, after considerable debate, set out the factors that should guide a district court in assessing a motion for preferential trial setting to avoid a five-year deadline like that in NRCP 41(e):

> a trial court does not have a mandatory duty to set a preferential trial date, even when the five-year deadline approaches. Its discretion is not wholly unfettered: it must consider the "total picture," . . . including the condition of the court calendar, dilatory conduct by plaintiff, prejudice to defendant of an accelerated trial date, and the likelihood of eventual mandatory dismissal if the early trial date is denied.

Applying a "total picture" approach, Carstarphen cannot demonstrate an abuse of discretion (assuming, arguendo, he could avoid the invited error doctrine). While the record shows some case activity and Carstarphen's motions were filed three months before the five-year rule would run, he failed to address the prejudice to Milsner, the mitigating factor of the parallel federal suit, the discovery he (Carstarphen) still owed, the availability of witnesses, including experts, Milsner's trial counsel's calendar, the case's complexity, and the district court's calendar. These factors needed to be vetted in the district court but they were not, because Carstarphen did not press the motion for preferential trial setting. On this record, an abuse of discretion has not been shown.

Respectfully, I dissent.