131 Nev., Advance Opinion 86

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| D.R. HORTON, INC.,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>CLARK; AND THE HONORABLE<br>SUSAN JOHNSON, DISTRICT JUDGE,<br>Respondents,<br>and<br>ARLINGTON RANCH HOMEOWNERS<br>ASSOCIATION, A NONPROFIT<br>CORPORATION,<br>Real Party in Interest. | No. 66085<br><br><br><br>FILED<br><br>OCT 29 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |
| D.R. HORTON, INC.,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>CLARK; AND THE HONORABLE<br>SUSAN JOHNSON, DISTRICT JUDGE,<br>Respondents,<br>and<br>ARLINGTON RANCH HOMEOWNERS<br>ASSOCIATION, A NEVADA<br>NONPROFIT CORPORATION,<br>Real Party in Interest. | No. 66101 |

Original petitions for a writ of prohibition or mandamus challenging district court orders granting an ex parte stay and denying an NRCP 41(e) motion to dismiss.

*Petitions denied.*

Wood, Smith, Henning & Berman, LLP, and Joel D. Odou and Victoria L. Hightower, Las Vegas,
for Petitioner.

Angius & Terry, LLP, and Paul P. Terry, Jr., Scott P. Kelsey, and David M. Bray, Las Vegas,
for Real Party in Interest.

---

BEFORE THE COURT EN BANC.[1]

## *OPINION*

By the Court, HARDESTY, C.J.:

In these original petitions for extraordinary writ relief, we consider whether the district court erred when it initially granted an ex parte stay permitting a homeowners' association to complete the NRS Chapter 40 process and further erred when it denied a motion to dismiss the underlying complaint pursuant to the five-year rule in NRCP 41(e) when the NRS Chapter 40 process was still not complete. We conclude that the district court's order granting a stay was not in error, and the five-year period was tolled under the *Boren* exception to NRCP 41(e). Accordingly, we deny both of these petitions for a writ of prohibition or mandamus.

---

[1]The Honorable Ron D. Parraguirre, Justice, voluntarily recused himself from participation in the decision of these petitions.

 

*FACTS AND PROCEDURAL HISTORY*

These petitions arise from the same underlying complaint. In Docket No. 66085, petitioner D.R. Horton, Inc., argues that the district court abused its discretion in granting real party in interest High Noon at Arlington Ranch Homeowners Association's[2] ex parte motion to stay the proceedings until the NRS Chapter 40 prelitigation process for constructional defect cases was complete. In Docket No. 66101, petitioner D.R. Horton argues that the district court erred in refusing to dismiss the case for failure to bring the case to trial within five years pursuant to NRCP 41(e) because it improperly excluded from the five-year period certain dates during which the proceedings were stayed.

*Facts related to both petitions*

Real party in interest High Noon is a homeowners' association created pursuant to NRS Chapter 116 that operates and manages the High Noon at Arlington Ranch community. This community consists of 342 individual units contained within 114 buildings. According to High Noon, the sales documents for these units contain language that precludes express and implied warranty actions after two years.

On June 7, 2007, High Noon filed a complaint against D.R. Horton "in its own name on behalf of itself and all of the High Noon . . . unit owners," alleging breach of implied warranties of workmanlike quality and habitability, breach of contract, breach of express warranties, and breach of fiduciary duty. High Noon obtained written assignment of the claims of 194 of its individual unit owners.

---

[2]The petitions incorrectly identify the homeowners' association as Arlington Ranch Homeowners Association. We note that the correct name is High Noon at Arlington Ranch Homeowners Association.

 

Even though High Noon did not specifically allege that its claims fall under NRS Chapter 40's constructional defect provisions, High Noon immediately moved, ex parte, for a stay and enlargement of time for service of the complaint pending completion of prelitigation proceedings pursuant to NRS 40.647(2)(b), which allows for stays of district court actions filed before the prelitigation process is completed when the claims would later be time-barred by statute. In support of this motion, High Noon argued that it was unclear whether its warranty claims were subject to NRS Chapter 40, but if not, they faced a possible two-year contractual limitations period, indicating that "[t]he complaint was filed to preserve [High Noon]'s claim for breach of express and implied warranties." Additionally, High Noon stated that, to begin the prelitigation process, it would "immediately serve [d]efendants with [n]otice of construction defects pursuant to NRS 40.645, providing detailed information regarding the construction defect damages claimed." The district court granted High Noon's motion and stated that the complaint "is hereby stayed until the completion of the NRS 40.600 *et seq.* pre-litigation process."[3] In a later order, the district court determined that this stay commenced on August 13, 2007, and that the case then "remained dormant until April 14, 2008, when [D.R. Horton] filed various motions."[4] The district court further

---

[3]Two other stays were also granted in the case below, including a stay by this court in *D.R. Horton, Inc. v. Eighth Judicial District Court*, Docket No. 58533, but those stays are not at issue in these writ petitions.

[4]Our review of the record shows that D.R. Horton only filed one motion with the court on or around April 14, 2008, and that was a motion to compel. D.R. Horton's motion sought to compel High Noon "to comply with NRS 40.6462 and provide access to each unit at the [s]ubject [p]roperty where construction defects are alleged to exist for inspection by

*continued on next page...*

concluded that another stay had been granted on July 30, 2009, as a result of D.R. Horton's motion for stay. The court determined that this stay ended on November 5, 2009, when the district court approved the special master's case management order.[5]

Based on information from the parties' briefs and appendices, it appears that as of today, over eight years later, the NRS Chapter 40 process is still not complete.

*Docket No. 66085*

In this writ petition, D.R. Horton challenges the 2007 district court order granting High Noon's ex parte motion for a stay and enlargement of time for service so that High Noon could conduct NRS Chapter 40 prelitigation activities, including giving notice and opportunities to inspect and repair, prior to serving process on D.R. Horton. D.R. Horton claims that the stay is void, as High Noon's breach of implied and express warranty causes of action allege constructional defects and are therefore subject to NRS Chapter 40, which requires dismissal for failure to comply with prelitigation procedures unless certain conditions are met. NRS 40.645; NRS 40.647. D.R. Horton also argues

---

*...continued*

D.R. Horton." D.R. Horton also sought "to toll the statutory deadline to submit its repair response pending completion of inspections of all units where defects are alleged to exist."

[5]Contradictory to the district court's status of the stay, there is nothing in the record to demonstrate that the court ever lifted the August 13, 2007, stay. And there is no indication in the special master's case management order that the July 30, 2009, stay was to end on November 5, 2009, upon the district court's approval of that order. These stays appear to be continuous from August 13, 2007, until now.

that the void 2007 stay cannot toll the NRCP 41(e) five-year rule, and it requests that this court direct the district court to vacate the order denying the motion to dismiss and to dismiss the complaint.

*Docket No. 66101*

In this petition, D.R. Horton makes an additional argument that the district court erred in denying a motion to dismiss based on High Noon's failure to bring the action to trial within five years pursuant to NRCP 41(e). On January 21, 2014, third-party defendant Firestop, Inc., moved to dismiss the underlying case for failure to prosecute, and D.R. Horton joined in the motion. Firestop contended that the only stay that tolled the five-year rule was the stay entered by this court in Docket No. 58533 and that the five-year period thus expired on September 14, 2013. D.R. Horton contends that the district court erred when it relied on the *Boren* tolling exception to NRCP 41(e), which permits tolling where "the parties are prevented from bringing an action to trial by reason of a stay order." *Boren v. City of N. Las Vegas*, 98 Nev. 5, 6, 638 P.2d 404, 405 (1982). D.R. Horton argues that this court should clarify the holdings from *Boren* and its progeny and require a court to examine the parties' diligence in bringing an action to trial when determining if the tolling exception is appropriate. Alternatively, D.R. Horton asks this court to specifically preclude tolling for all stays imposed to complete the NRS Chapter 40 process.

## DISCUSSION

*Writ relief is appropriate*

"'A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion.'" *Humphries v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 85, 312 P.3d

484, 486 (2013) (quoting *Int'l Game Tech., Inc. v. Second Judicial Dist. Court,* 124 Nev. 193, 197, 179 P.3d 556, 558 (2008)); *see also* NRS 34.160. Generally, "[w]rit relief is not available . . . when an adequate and speedy legal remedy exists." *Int'l Game Tech.,* 124 Nev. at 197, 179 P.3d at 558. "While an appeal generally constitutes an adequate and speedy remedy precluding writ relief, we have, nonetheless, exercised our discretion to intervene 'under circumstances of urgency or strong necessity, or when an important issue of law needs clarification and sound judicial economy and administration favor the granting of the petition.'" *Cote H. v. Eighth Judicial Dist. Court,* 124 Nev. 36, 39, 175 P.3d 906, 908 (2008) (quoting *State v. Second Judicial Dist. Court,* 118 Nev. 609, 614, 55 P.3d 420, 423 (2002)).[6]

These petitions merit our consideration as they raise important issues concerning Nevada's constructional defect law. Specifically, the petitions present important questions of law—whether NRS 40.647(2)(b) allows for this type of stay and, if so, whether the stay tolls the running of the five-year period under NRCP 41(e). Although the case was filed in 2007, litigation is in the very early stages and the answer to these questions now would thus promote judicial economy and

---

[6]In the alternative, D.R. Horton seeks a writ of prohibition. A writ of prohibition is appropriate when a district court acts "without or in excess of [its] jurisdiction." NRS 34.320; *see also Club Vista Fin. Servs. v. Eighth Judicial Dist. Court,* 128 Nev., Adv. Op. 21, 276 P.3d 246, 249 (2012). A writ of prohibition is improper in this case because the district court had jurisdiction to hear and determine the outcome of the motion to stay and the motion to dismiss. *See Goicoechea v. Fourth Judicial Dist. Court,* 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (stating that we will not issue a writ of prohibition "if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration").

administration. *See Thran v. First Judicial Dist. Court*, 79 Nev. 176, 178, 380 P.2d 297, 298-99 (1963) (entertaining petition for writ relief from a district court order denying a motion to dismiss under NRCP 41(e)); *see also Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 1345 n.1, 950 P.2d 280, 281, 281 n.1 (1997). Accordingly, we choose to entertain these writ petitions.

*The August 2007 stay*

High Noon's complaint alleged four claims for relief: (1) breach of implied warranties of workmanlike quality and habitability, (2) breach of contract, (3) breach of express warranties, and (4) breach of fiduciary duty. In the complaint, High Noon never alleges that the claims for relief fall under NRS Chapter 40.[7]

High Noon based its August 2007 ex parte stay motion on NRS 40.647(2)(b). The statute specifically states that if a plaintiff who files a constructional defect suit before completing the prelitigation process would be prevented from filing another suit based on the expiration of the statute of limitations or repose, then the court must stay the case rather than dismiss it in order to allow for compliance with the NRS Chapter 40 requirements. NRS 40.647(2)(b).

In its stay motion, High Noon alleged that, pursuant to NRS 116.4116(1), D.R. Horton "attempted to limit the implied [and express] warranties in their sales documents to [a] two[-]year period." High Noon alleged that D.R. Horton began selling units on August 31, 2004, and High Noon filed its complaint on June 7, 2007, more than two years later. For

---

[7]The parties' briefs do not dispute whether the stay applied to all claims for relief.

that reason, some of High Noon's claims would face a contractual limitations defense if a stay was not granted under NRS 40.647(2)(b). Further, NRS 40.635(3) provides that NRS Chapter 40 does not "bar or limit any defense otherwise available, except as otherwise provided in those sections." Since NRS Chapter 40 does not prevent any defense otherwise available, D.R. Horton could argue a shorter limitations period based on its sales contracts. If the NRS Chapter 116 limitation period for warranties was contractually modified to two years, as permitted by NRS 116.4116(1), this shorter period should allow the district court to enter a stay under NRS 40.647(2)(b), just as it would for a statutory limitation period, so that High Noon could undertake the prelitigation process without jeopardizing its claims.[8] Thus, based on High Noon's argument that it may or may not have NRS Chapter 40 claims, it would have been appropriate for the district court to extend the time to allow completion of the prelitigation process.[9]

---

[8]We recognize that NRS 40.695 generally tolls statutes of limitation or repose for constructional defect claims during the prelitigation process. However, High Noon sought a stay because it was unclear whether that statute would apply to preserve its claims, given that they were brought under NRS Chapter 116 and the existence of a contractual limitations period.

[9]NRS 40.645 requires that a claimant provide prelitigation notice before a claimant can amend a complaint to add a cause of action for a constructional defect. And, under NRS 40.603(2),

> "Amend a complaint to add a cause of action for a constructional defect" means any act by which a claimant seeks to:
>
> . . . .
>
> 2. Amend the pleadings in such a manner that the practical effect is the addition of a

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

*The August 2007 stay tolled the five-year rule*

D.R. Horton claims that the district court erred in finding that the August 2007 stay precluded the parties from litigating as the parties were actually engaged in the NRS Chapter 40 process. We disagree.

Where a motion to dismiss under NRCP 41(e) is improperly denied, the district court lacks any further jurisdiction, rendering its subsequent orders going to the merits of the action void. *Cox v. Eighth Judicial Dist. Court*, 124 Nev. 918, 924-25, 193 P.3d 530, 534 (2008). Therefore, if we determine that dismissal was required under NRCP 41(e), any subsequent orders entered by the district court would necessarily be void.

> NRCP 41(e) states, in pertinent part, that:

> Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of any party, or on the court's own motion, after due notice to the parties, unless such action is brought to trial within 5 years after the plaintiff has filed the action, except where the parties have stipulated in writing that the time may be extended. . . . A dismissal under this subdivision (e) is a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provides.

---

*...continued*

> constructional defect that is not otherwise included in the pleadings.
> The term does not include amending a complaint to plead a different cause for a constructional defect which is included in the same action.

In addressing NRCP 41(e), we have concluded that it "is clear and unambiguous and requires no construction other than its own language." *Thran v. First Judicial Dist. Court*, 79 Nev. 176, 181, 380 P.2d 297, 300 (1963). Additionally, where a case has not been brought to trial after five years, dismissal is mandatory, affording the district court no discretion. *Morgan v. Las Vegas Sands, Inc.*, 118 Nev. 315, 320, 43 P.3d 1036, 1039 (2002). Notably, though, this court has recognized exceptions to the mandatory nature of NRCP 41(e).

*The Boren exception*

Under current Nevada law, "[a]ny period during which the parties are prevented from bringing an action to trial by reason of a stay order shall not be computed in determining the five-year period of [NRCP] 41(e)." *Boren*, 98 Nev. at 6, 638 P.2d at 405. The holding in *Boren* was based on the fact that the district court prohibited the parties from going to trial and then dismissed their action for failure to bring it to trial, circumstances that were unarguably "unfair and unjust." *Id.* at 5-6, 638 P.2d at 404. In *Boren*, our short opinion provided no facts from the case, but we indicated that the district court had stayed the proceedings for more than four years. *Id.* at 5, 638 P.2d at 404. Boren had argued that the plaintiffs "had some kind of duty of diligence in seeking vacation of the stay order [and to bring the case to trial]." *Id.* at 6, 638 P.2d at 404. However, we disagreed and determined that the plaintiffs' lack of diligence was "immaterial," as "we would be hard-pressed to formulate a rule describing the degree of diligence required under such circumstances." *Id.* at 6, 638 P.2d at 404-05.

D.R. Horton argues that, unlike in *Boren*, the parties here were not *prevented* from bringing the action to trial because of the stay

SUPREME COURT
OF
NEVADA

(O) 1947A

11

order. It claims that High Noon intentionally prolonged the stay by not immediately filing its NRS Chapter 40 notice and denying D.R. Horton access to properties containing alleged constructional defects.

While High Noon may have prolonged the process, prompting D.R. Horton to file several motions to compel,[10] the matter was "stayed until the completion of the NRS 40.600 *et seq.* pre-litigation process." Because the stay prevented the case from proceeding,[11] *Boren*'s rule applies, and the court-ordered August 2007 stay tolls the prescriptive period under NRCP 41(e) while the district court-ordered stay is in effect.

*Boren and its progeny do not require a district court to evaluate the diligence of the parties before determining if a court-ordered stay tolls the prescriptive period under NRCP 41(e)*

D.R. Horton also argues that a court must evaluate the circumstances and the parties' diligence in bringing a matter to trial before determining that a stay tolls the prescriptive period. We disagree. While some of our holdings post-*Boren* cite diligence requirements and consider the resulting unfairness to the plaintiff, unlike the circumstances

---

[10]The district court also stated that it shared part of the blame for the length of the August 2007 stay for not imposing any end or sunset provision.

[11]We have maintained that litigation should conclude within a reasonable amount of time. *See, e.g., Massey v. Sunrise Hosp.*, 102 Nev. 367, 369, 724 P.2d 208, 209 (1986). "Rule 41(e) accomplishes this end by requiring counsel's diligence in pursuing claims." *Id.* While D.R. Horton alleges that High Noon did not pursue the matter swiftly, it appears from the record that D.R. Horton shares in the blame for the delay of this case as it did not seek any remedy until now. For example, the record does not include any motions that D.R. Horton might have filed seeking to vacate the August 2007 stay or challenging the validity of the stay before bringing the instant writ petition.

here, those cases did not involve a court-ordered stay. For example, D.R. Horton cites *Baker v. Noback*, 112 Nev. 1106, 1110-11, 922 P.2d 1201, 1203-04 (1996), for the proposition that an evaluation is required to look at the unique facts of the case and resulting unfairness to the plaintiff. However, *Baker* did not involve a court-ordered stay, and this court examined the circumstances of the case, which involved a statutory requirement to first proceed through a medical malpractice screening panel. 112 Nev. at 1110, 922 P.2d at 1203. D.R. Horton also cites to *Morgan v. Las Vegas Sands, Inc.*, 118 Nev. 315, 43 P.3d 1036 (2002), arguing that we determined that a mandatory arbitration period was not an exception to NRCP 41(e), and the plaintiff's lack of diligence ultimately contributed to proper dismissal under the five-year rule. However, *Morgan* also did not involve a court-ordered stay. 118 Nev. at 317-18, 43 P.3d at 1037-38. Finally, for further support, D.R. Horton cites to *Edwards v. Ghandour*, 123 Nev. 105, 112-13, 159 P.3d 1086, 1091 (2007) (holding that the district court's stay, based on misinformation and later rescinded, did not toll NRCP 41(e) when plaintiff knew the stay was invalid and he "did not take appropriate action to move his case forward and set aside the stay"), *rejected on other grounds by Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1053-54, 194 P.3d 709, 712-13 (2008). However, this too is distinguishable, as here, the district court issued a *valid* stay.

D.R. Horton also argues that courts consider the diligence of parties in determining other motions related to NRCP 41(e), citing to *Carstarphen v. Milsner*, 128 Nev., Adv. Op. 5, 270 P.3d 1251, 1254 (2012), for support. There, we held that when a district court evaluates a motion for a preferential trial date to circumvent the five-year rule, it "must

consider the time remaining in the five-year period when the motion is filed and the diligence of the moving party and his or her counsel in prosecuting the case." *Id.* at 1252. This case is also distinguishable, as a court-ordered stay prevents parties from prosecuting the case, while a motion for a preferential trial date in a case presumptively has no such impediment.

As a result of the court-ordered stay in this case, the district court was not required to evaluate the parties' diligence. However, given the lapse of time in this matter, neither the parties nor the district court have been diligent in monitoring the status of the NRS Chapter 40 prelitigation process, which was the subject of the stay order.

*We do not adopt a new exemption to the Boren rule excepting constructional defect stays from tolling*

Finally, D.R. Horton argues, in the alternative, that this court should hold that a stay imposed to complete the NRS Chapter 40 process should not toll the NRCP 41(e) five-year period because the statutes provide ample time for a claimant to complete the process without risking a statute of limitations issue.[12] D.R. Horton also argues that the purpose of NRS Chapter 40 is to ensure a quick and fair resolution to construction defect disputes, and that premature complaints and tolling all counter the purpose behind the statutes. We conclude that these arguments also lack merit.

---

[12]D.R. Horton also argues that High Noon knew that the stays did not toll the five-year rule and that the district court warned of this on multiple occasions. However, in the hearing on the motion to dismiss, the district court stated that it erred in that analysis.

Certainly, NRS Chapter 40's mechanisms provide opportunities to repair and otherwise resolve constructional defects before a claimant can pursue litigation. *See D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007). But D.R. Horton's argument fails to consider the purpose behind NRS 40.647(2)(b). In that statute, the Legislature recognizes the importance of completing the prelitigation process before a claimant can pursue a case even where a suit has been filed to avoid the expiration of a limitation period.[13] Surely the prelitigation purposes of NRS Chapter 40 of repair, mediation, and settlement are furthered by court-ordered stays under NRS 40.647(2)(b) while parties complete the constructional defect prelitigation process. Excluding an NRS 40.647(2)(b) stay from the full period allowed by NRCP 41(e) would be unfair, and we see no reason to exclude NRS Chapter 40 litigants from the *Boren* exception.

## CONCLUSION

We choose to exercise our discretion and entertain the writ petitions in these cases. We deny the writ petition in Docket No. 66085, concluding that the August 2007 stay is valid. Similarly, we deny the writ

---

[13]NRS Chapter 40's only reference to a "stay" is in NRS 40.647(2)(b), and this subsection has remained unchanged with the recent constructional defect amendments enacted by the Legislature and subsequently approved by the Governor. *See* A.B. 125, 78th Leg. (Nev. 2015) (effective Feb. 24, 2015).

petition in Docket No. 66101, as the court-ordered stay tolled the five-year prescriptive period under NRCP 41(e), pursuant to *Boren*. Accordingly, we deny both writ petitions.

                                                  , C.J.
                                  Hardesty

We concur:

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A